## No. 7840.

STATE EX REL. JOHN MARKS VS. JUDGE OF THE THIRD DISTRICT COURT.

Courts cannot refuse to decide exceptions and issues interposed by a defendant to plaintiff's right to sue ; and a mandamus will issue to compel a decision to the end that this court may exercise its appellate jurisdiction.

APPLICATION for a writ of mandamus.

---

T. J. Semmes and Ernest T. Florance for relator :

First—The Judge of the Third District Court rendered a decree staying proceedings in his court until the Second District Court had determined the question of interdiction.

We respectfully urge that we are entitled to a decision upon the issues presented to the Third District Court without awaiting the issue of the very proceedings which we insist are absolutely null ; proceedings over which we, not being parties, have no control.

If our allegations are true that relator is domiciled and resident in Germany, and has never been cited, can we be stopped by the pro-

ceedings in the Second District Court? We submit that they would be absolute nullities,

1st. Because the nullity would result from the want of jurisdiction to decree the interdiction.

The Civil Code (art. 392) provides that: "Every interdiction shall be pronounced by the competent judge of the domicile or residence of the person to be interdicted."

And such interdiction can be pronounced only after personal citation of the party sought to be interdicted. 1 N. S. 551 ; 16 La. 63 ; 23 An. 27.

Consequently the person who is sought to be interdicted must be within the territorial limits of the jurisdiction of the court, because the citation would be worthless beyond those limits. 9 Robinson, 348 ; 8 New Series, 250 ; 5 New Series, 45 ; 14 La. 129 ; 35 Vermont, 419 ; Harrington (Michigan), 254 ; 5 Howard N. Y. Pr. Rep. 341 ; 21 Howard (S. C. U. S.) 506 ; 5 Otto, 714 ; Story Conflict of Laws, § 539 ; C. C. 392, 393, 396, 398, 417, 423, 424, 425.

Second—We may conclude, therefore, that proceedings, such as those carried on in the Second District Court, are absolutely null.

Is their nullity pleadable collaterally? As to the nullity resulting from want of jurisdiction, see 24 An. 515 ; 23 An. 557 ; 21 An. 258 ; 3 Howard (S. C. U. S.), 750 ; 8 Howard, 495 ; 1 Peters, at p. 340.

The Supreme Court of the United States, in 18 Wallace, p. 457, (Whitman vs. Thompson) after an exhaustive review of all the authorities, held that the jurisdiction of a court whose judgment is introduced in another court may be questioned collaterally, *even where the record of such judgment shows jurisdiction.*

That the nullity resulting from want of citation is absolute, is "elementary." 21 An. 27.

" The neglect of that formality annuls radically all proceedings had," etc. C. P. 206.

" Therefore, a judgment rendered against a person without citing him in the usual manner, without his appearing, or any thing deemed by law equivalent to a citation or appearance, is utterly void, and imports such absolute nullity that," etc. 1 N. S. p. 8 ; 8 N. S. 145 ; 6 La. 577 ; 16 La. 570 ; 17 La. 42 ; 2 An. 403 ; 13 An. 150 ; 1 M. 220 ; 7 An. 531 ; 11 An. 761.

Nothing will cure absence of citation (except, of course, waiver). 5 N. S. 429 ; 7 N. S. 161 ; 1 Rob. 30.

Even actual knowledge is insufficient to cure want of proper citation. 2 L. 172 ; 13 L. 11 ; 6 R. 9 ; 3 An. 9 ; 14 A. 614 ; 21 A. 27 ; 26 A. 386 ; 6 L. 577 ; 7 A. 551 ; 24 A. 515 ; 21 A. 421 ; 11 A. 761.

Third—This, then, is a proper case for a mandamus. 14 La. p. 483 ; 4

Rob. 227 ; 27 An. 702 ; and see State ex rel. Mrs. Ada Peirce Denegre vs. the Judge of the Second District Court, lately decided by this court.

Cotton & Levy, contra :

First—The Honorable the Judge of the Third District Court has rendered a decree staying proceedings in the case of John Marks vs. L. B. Cain, for reasons satisfactory to his Honor, and the relator appeals to this Honorable Court to assume original jurisdiction *via mandamus,* and review decree and compel the judge *a quo* to render a different decision. If the judgment works irreparable injury, relator must appeal, and cannot substitute *mandamus* for appeal. If judgment complained of, on the other hand, is interlocutory and works *no* irreparable injury, relator is entitled neither to an appeal nor a *mandamus.*

The Supreme Court cannot pass upon the propriety of a decree ordering a stay of proceedings by *mandamus,* because it may become an object of inquiry hereafter. 1 N. S. 597.

Supreme Court has no general controlling power over other courts. State vs. Judge Esnault, 12 M. 489 ; 3 N. S. 26.

An appeal *alio nomine* cannot be allowed by *mandamus.* State vs. Judge of the Parish Court, 15 L. 527.

Rule to dissolve an injunction is not an answer to merits. No judgment on merits should be rendered, because rule has been dismissed. State vs. E. Booth, 28 A. 726.

Judge *a quo* has not refused to render a decision. *Mandamus* cannot, therefore, lie. 13 A. 483 ; 17 A. 328.

Second—The constitution of the State does not permit this Honorable Court thus to shape for relator the action of the judge *a quo,* and the application of relator should be refused. 8 Peters [U. S.] 588 ; 9 Peters [U. S.] 573 ; 11 Peters [U. S.] 173 ; 13 Peters [U. S.] 404.

---

The opinion of the court was delivered by

SPENCER, J. John Marks, the relator, brought suit in the Third District Court of Orleans to compel L. B. Cain, his agent, to render an account, and to compel him to surrender relator's property held as agent, and to enjoin him from longer acting as agent, his power of attorney having been revoked.

Marks alleges that he is a citizen and resident of Frankfort on the Main, in the Empire of Germany. Cain filed a rule to dissolve an exception to this suit of Marks, setting forth in substance that prior to the filing thereof he, Cain, and two cousins of Marks, had taken proceedings in the Second District Court of Orleans, for the interdiction of said

Marks, on account of imbecility and insanity; and that said court had appointed Cain provisional administrator pending said interdiction proceedings, and that he had given bond and qualified as such. It is, therefore, alleged that Marks is without capacity to bring the said suit against Cain, who is himself the only legal representative of Marks; wherefore it is prayed that said suit be dismissed. The facts appear to be as stated. Cain had been the agent of Marks for many years, during which time, it seems, Marks has been in Germany. Cain applied to the Second District Court of Orleans for Marks' interdiction, alleging that he was temporarily residing in Germany, and asked that he be served with citation through the American Consul at Frankfort, and that a commission issue to have Marks *there* subjected to medical examination, etc. This petition, for interdiction, was filed on the 13th October, 1879, and on the next day, without any hearing of Marks, or of any one in his interest, an order was rendered turning over his entire estate to Cain, as provisional administrator.

It was argued by Marks' counsel in the Third District Court, that this proceeding was absolutely void for want of jurisdiction in the Second District Court, Marks not being within the State, and beyond the jurisdiction of its courts.

The Judge of the Third District Court rendered an order, under this state of facts, staying all proceedings in the suit of Marks vs. Cain until a final decision had been had in the Second District Court upon the demand for interdiction, thereby declining to proceed with the case, or to pass upon the exceptions interposed by Cain. Marks complains that this is a denial of justice; that it is the manifest duty of the judge to pass upon the issues raised, and he applies to this court for mandamus to compel him to do so. It is manifest that the district judge has rendered no judgment on the case; he simply declines to do so, and stays proceedings. It was clearly his duty to decide the issue made, to sustain or overrule the exceptions, to maintain or dismiss the suit. Until this is done, Marks is remediless. He is entitled to have a decision, to the end that he may appeal and have the action of the court reviewed by this court.

This court, under the constitution of 1868, and all prior constitutions, had the power to issue the writ of mandamus in aid of its appellate jurisdiction, and therefore to compel an inferior court to try a cause, to the end that its appellate jurisdiction might be exercised. By article 90 of the constitution of 1879, its powers are still more extensive, and it is given control and supervision over all the courts of the State.

We entertain no doubt of the power of this court to grant the writ in this case. See C. P. 829, 830, 837, 838, and 839.

Of course, it is not for us to say what judgment the court below

:300      SUPREME COURT OF LOUISIANA,

State ex rel. Marks vs. Judge of the Third District Court.

:shall render. Our duty, at present, is terminated, when we order him to decide and render judgment on the issues presented. Whether the judgment he will render will be right or wrong, is no present concern of this court. That question must be presented by appeal from the judgment.

It is therefore ordered and decreed that the mandamus heretofore granted be made peremptory, at respondent's costs.