SOMMERVILLE, J.
Plaintiff sued the defendants, co-owners in indivisión with her in certain property, for a partition thereof. Some of the defendants filed an exception and an answer in which it was denied that plaintiff was part owner in certain of the property referred to; and, further, that Miss Sidonie Lozes, one of the codefendants, was incapable of attending to her own affairs and administering her own estate, and that she should be interdicted; and that until a curator should be appointed to repre *329 sent Miss Sidonie Lozes there was a want of proper parties defendants in the cause. Defendants pray that a curator be appointed to represent Sidonie Lozes; but they do not ask that she be interdicted.
Miss Sidonie Lozes appeared through counsel and answered the petition of the plaintiff.
The case went to trial on the exception and answers, and the following judgment, or order, was rendered on the merits:
“It is ordered, adjudged and decreed that all proceedings in this caste be stayed until such time as Miss .Sidonie Lozes is properly represented before the court.”
The judgment was rendered July 20, 1917, and was read and signed in open court July 27, 1917.
Plaintiff in the cause, relator here, requested the trial judge “to decide the case and grant or refuse the demand as ha- saw fit, informing him that she desired to appeal from his finding that Miss Sidonie Lozes was not capable of managing her own affairs, as the record proved overwhelmingiy to the contrary, but that the Supreme Court, if presented with an appeal from the judgment he had rendered, would say it was merely an order-continuing the case and not determining any issues, simply an interlocutory order, not a final and appealable decree,” and asked that “a writ of mandamus and prohibition issue directing him to at once proceed to decide the merits of this case, by rendering a judgment of partition, or denying the prayer of the relat- or, as the case may be, and setting aside the improper order herein rendered on July 20, 1917, which indefinitely delayed further proceedings herein.”
The trial judge answered:
“That in this cause the issue as to whether Miss Sidonie Lozes, one of the defendants in this case, was incapable of managing her own affairs and of administering her estate, and appearing in court without being- represented by a curator, was tendered to the court for decision, and was tried with the merits, both on, exception filed and by answer, as will be seen by an examination of the documents Nos. 5 and.. 6 of the pleadings.
“That counsel in this case agreed and did try this issue with all other issues in the case at one time with the merits, as will be seen by the testimony filed in this cause and offered by all parties; that the defendant Sidonie Lozes was examined by your respondent in open court, and from the examination made by your respondent, your respondent was of the opinion that the said Sidonie Lozes was mentally incapacitated from managing her own affairs. Accordingly, your respondent rendered judgment in this causle to that effect.
“For further return your respondent says that this issue having been tendered and tried by the consent of all parties concerned, that it was your respondent’s duty, having found that the said Miss Sidonie Lozes was incapable of managing her affairs, and that she should be represented by a curator, to have so decreed and to have rendered a judgment accordlingly.
“For further return your respondent says that the judgment rendered by him is one which can be appealed from; that respondent has decided the issue tendered to him in this cause, and the proper proceeding to be taken by any of the parties in interest who feel aggrieved is by appeal, and not by the resort to writs of certiorari, mandamus, and prohibition.”
The order or judgment referred to is not a judgment on any of the issues tendered in the case either in the exception or the answer. It stays all proceedings in the case for an indefinite time. In the case of State ex rel. Marks v. Judge, 32 La. Ann. 296, where the same point was presented and disposed of, the district judge was ordered to proceed with the final determination of the cause.
It is therefore ordered that a mandamus issue addressed to the district judge ordering and commanding him to proceed with the trial of this cause, and to render judgment therein.