334 So.2d 189 (1976)
SOUTH CENTRAL BELL TELEPHONE COMPANY
v.
LOUISIANA PUBLIC SERVICE COMMISSION et al.
No. 57847.
Supreme Court of Louisiana.
June 21, 1976.
*190 Marshall B. Brinkley, Gen. Counsel, Baton Rouge, for defendant-applicant.
Norman C. Frost, J. Robert Fitzgerald, Birmingham, Ala., M. Robert Sutherland, Slidell, Victor A. Sachse, Breazeale, Sachse & Wilson, Baton Rouge, for plaintiff-respondent.
SANDERS, Chief Justice.
The Louisiana Public Service Commission applied to this Court for review of the district court's issuance of a writ of mandamus ordering it to render its decision on South Central Bell's application for a rate increase no later than April 18, 1976, and, in default thereof, ordering it to permit South Central Bell to put into effect the proposed rate increase, conditioned upon South Central Bell furnishing bond or security to insure full refund, with legal interest to telephone subscribers should the increase ultimately be determined excessive. This Court granted writs with a stay order in order to review the district court's judgment. La., 329 So.2d 683 (1976).
South Central Bell filed an application for a rate increase on April 18, 1975, which has not been acted upon by the Commission.[1] On April 8, 1976, the district court issued a mandamus ordering the Commission to render its decision no later than April 18, 1976. In default of a timely decision, the Commission was ordered to put the proposed rate increase, subject to a bond to assure refunds.
The questions presented for our review are two: (1) is mandamus relief proper, and (2) may the courts order the increased rates into effect under bond in the present case until such time as there is a ruling upon the rate increase application by the Commission?
Article 4, Section 21(D)(2) and (3) of the Louisiana Constitution of 1974 provide:
"(2) Within twelve months after the effective filing date, the commission shall render a full decision on each application, petition, and proposed rate schedule.
"(3) After the effective filing date of any proposed schedule by a public utility which would result in a rate increase, the commission may permit the proposed schedule to be put into effect, in whole or in part, pending its decision on the application for rate increase and subject to protective bond or security approved by the commission. If no decision is rendered on the application within twelve months after such filing date, the proposed increase may be put into effect, but only if and as provided by law and subject to protective bond or security requirements, until final action by a court of last resort."
We find mandamus a proper remedy. The Commission is constitutionally required to render a decision within twelve months from the filing of an application. LSA-Const. Art. 4 § 21(D)(2) (1974). While mandamus does not lie to require a particular decision, it does lie to require public officials and agencies to render a decision required by law. Bussie v. Long, 257 La. 623, 243 So.2d 776 (1971); Delord v. Lozes et al., 142 La. 328, 76 So. 759 (1917); Karno v. Louisiana Tax Commission, 233 So.2d 592 (La.App. 4th Cir. 1970), writ refused 256 La. 251, 236 So.2d 30 (1970).
The contingent rate increase ordered by the trial judge presents a more difficult *191 question. Article 4 § 21(D) (3) of the 1974 Constitution provides:
"If no decision is rendered . . . the proposed increase may be put into effect, but only if and as provided by law and subject to protective bond or security requirements, until final action by a court of last resort." (Italics ours.)
The legislature has enacted no law implementing the protective bond procedure, and the Commission is under no duty to establish its own. Further, the Constitutional Convention Debate 117th Day's Proceedings, pp. 76-77 makes it clear that no increase may go into effect, absent a ruling by the Commission, until the State Legislature adopts enabling legislation. For the Court to order the provisional rate increase in effect, absent enabling legislation, would be contrary to the constitutional provision.
South Central Bell contends, however, that the district court had the authority under its equity powers to order the rate increase in default of a prompt decision. The Constitution, however, has dealt with the subject of rate increases based on delayed decisions and relegated the matter to legislative action. Hence, the area is not one where there is no express law. LSA-C.C. Art. 21. We conclude, therefore, that the order was improvidently issued.
Admittedly, in 1975, South Central Bell earned a rate of return on equity of 8.6 percent. Under our prior holdings, this rate does not justify judicial intervention at this stage in the rate-making process. See South Central Bell Tel. Co. v. L.P.S.C., 272 So.2d 667 (La.1973); South Central Bell Tel. Co. v. L.P.S.C., 256 La. 497, 236 So.2d 813 (1970).
The year within which South Central Bell was entitled to a decision has now expired. The Commission assigns as the reason for delay the reorganization of the Commission under the 1974 Constitution. In the posture of the case, it is imperative that the case be brought to a speedy conclusion. Hence, we conclude that a mandamus should issue, ordering the Commission to render its decision without undue delay.
For the reasons assigned, the judgment of the district court is reversed and set aside. It is ordered, adjudged, and decreed that a writ of mandamus issue herein to the Louisiana Public Service Commission and to its members, directing the Commission to render its decision on South Central Bell Telephone Company's application for a rate increase (Commission Docket Number U-12785) no later than thirty days from the finality of this judgment.
SUMMERS, J., dissents and assigns reasons.
DIXON, J., concurs.
SUMMERS, Justice (dissenting).
I agree with the Court's resolution of South Central Bell's contention that mandamus was proper relief in this case. The Constitution leaves no doubt on this question when it declares that "the commission shall render a full decision on each application, petition, and proposed rate schedule" within twelve months after the effective filing date. La.Const. art. IV, § 21(D)(2). Since the Commission indicated it would not obey this constitutional mandate, it was proper for the trial court to order timely compliance. But the applicant was entitled to more.
I cannot agree that the Commission was under no duty to permit South Central Bell to put into effect the proposed rate increase, conditioned upon South Central Bell furnishing bond or security to insure full refund with legal interest to telephone subscribers should the increase ultimately be determined to be excessive.
In my view the Constitution invested the Commission with authority to permit the proposed rate schedule "to be put into effect, in whole or in part, pending its decision on the application for rate increase and subject to protective bond or security approved *192 by the commission." La.Const. art. IV, § 21(D)(3). Failure of the Commission to exercise this authority was an abuse of its power and discretion under the circumstances of this case. This Court should, therefore, grant the relief authorized and contemplated by the Constitution, or order the Commission to grant the rate increase it failed to grant "pending its decision" on the application.
The majority improperly relies upon the provision of the Constitution which stipulates that the proposed rate increase may be put into effect "[i]f no decision is rendered on the application within twelve months." This latter provision authorizes the applicant to "put into effect" the proposed increase in accordance with law. Placing the rates into effect after twelve months requires no Commission authorization. Failure of the Commission to act within twelve months is the basis for putting the proposed rates into effect. Admittedly laws designed to implement this situation have not been enacted. There is, therefore, no procedure prescribed for effectuating this constitutional authorization permitting the applicant to put the rates into effect after the twelve months following filing of the application.
But the Court does not meet the issue by deciding that the rates could not be put into effect because there is no law implementing this latter constitutional alternative. There is another basis upon which the case can be, and should be, decided; that basis is found in the constitutional language first quoted. Full authority exists there for the Commission to put the rates into effect "subject to protective bond or security approved by the commission," "pending its decision." No "laws" implementing this authority is required. This constitutional authorization is self-operative. The sole question is whether the inaction of the Commission was arbitrary. And, to restate my position, the Commission inaction was an unreasonable and arbitrary refusal to permit the rate increase "pending its decision."
A negative position can result in an abuse of the Commission's authority as well as affirmative action on its part. Either is subject to appeal for redress by any aggrieved party. La.Const. art. IV, § 21(E).
Since rates can have no retroactive effect, the Commission was aware of the consequence of its inordinate delays. One result was that the losses alleged by South Central Bell due to inadequate rates were irreparable, for it could not thereafter recoup those losses by retroactive rate increases.
While orders of the Commission, or its refusal to grant relief, such as the inaction in this case, are entitled to great weight, the Commission's action or inaction will be overturned by the courts when it is shown to be arbitrary or abusive of the Commission's authority.
In my view the arbitrary position of the Commission is demonstrated by its refusal to act on the proposed rate application within the time limit fixed in the Constitution. This arbitrary attitude is further evidenced by the Commission's failure to permit the proposed rate schedule to be put into effect pending its action on the application. This was the only fair thing to do in view of the strong allegations of substantial daily loss on the part of the applicant, and because this loss could not recouped. If this had been done, no one would have suffered. Any adjustments to the consuming public rendered necessary by the ultimate rate determination could be accomplished by refund with interest. The Constitution granted this power to the Commission to enable it to avoid injustice to the applicant. Its refusal to exercise this power was arbitrary.
I respectfully dissent.
NOTES
[1] After this opinion was prepared, the Clerk of this Court received a communication from the legal counsel of the Louisiana Public Service Commission, advising that the Commission had ruled upon the petition of South Central Bell Telephone Company. This ruling, though handed down on June 18, 1976, does not become effective until a written opinion is released. Hence, at this time, we do not regard the case as moot.