PICKETT, Judge.
This is a class action instituted by plaintiffs, Victor Bussie and his wife, Gertrude Foley Bussie, allegedly representing themselves, individually, as property taxpayers of the State of Louisiana, and all other persons in the State of Louisiana, similarly situated, against the Louisiana Tax Commission, and the individual members thereof, Mrs. Blanche Revere Long, James R. Leake, and Leo J. Theriot.
The plaintiffs allege (1) that under the provisions of the Constitution and laws of the State of Louisiana, the Louisiana Tax Commission is required to establish actual cash values of all property in Louisiana for the purpose of assessment, and to equalize the assessments by fixing the percentage of the actual cash valuation upon which state taxes are to be collected; (2) that contrary to the clear provisions of said laws, the Louisiana Tax Commission does not in fact assess property at its actual cash value, but instead permits the parish tax assessors to assess property in their respective parishes at various arbitrarily fixed amounts having no real, consistent or reasonable relationship to actual value; (3) that as a result thereof, assessments and the taxes collected on real and personal property in Louisiana are entirely unequal and lacking in uniformity as between taxpayers in the State and between taxpayers within the same parish; (4) that as a further result thereof, plaintiffs are being assessed at a higher percentage of the actual cash value for ad valorem tax purposes than are the owners of similar property in other parishes of the State of Louisiana, and that accordingly they are required to pay a higher effective tax rate on their property than are the owners of similar property in other parishes; (S) that the failure of the Louisiana Tax Commission, and the individual members thereof, to perform their mandatory duty to fix and determine the percentage of actual cash value of property upon which the State ad valorem taxes are to be assessed and collected “constitutes illegal, arbitrary, capricious, unreasonable and confiscatory state governmental action in violation of plaintiffs’ rights under the Constitution of Louisiana, Article I, Sections 2 and 6, and tinder the Fourteenth Amendment of the Constitution of the United States in that it deprives them of property without due process of law and denies them equal protection of the laws of Louisiana.” The plaintiffs finally allege that the law of Louisiana provides no relief by ordinary means resulting from the discriminatory practices complained of because R.S. 47:1998 and 2110 only provide remedies for the reduction of individual assessments within a particular parish and that such relief can affect only the assessment of the individual suing and cannot affect or invalidate the assessment of any other person or property. The plaintiffs prayed for the issuance of alternative writs of mandamus directing the Louisiana Tax Commission, its members, agents and employees to carry out the duties imposed on it by the constitution and laws of the State of Louisiana.
A petition of intervention was filed July 27, 1967, by J. Barry Mouton, and an order allowing the filing was signed by the district judge, July 28, 1967. The intervenor asked for the dismissal of plaintiffs’ action because they were without any right or cause of action against the defendants, or in the alternative that plaintiffs’ relief be restricted to assessment practices and procedures concerned in connection with the State ad valorem tax.
In defense of this action, the defendants filed responsive pleadings consisting of: An answer, a motion for a stay order based on the pendency of a Federal case involving the same parties and the same *70 cause of action; exception of improper venue; a dilatory exception of failure to state plaintiffs’ domicile; peremptory exception for failure to exhaust administrative remedies; peremptory exception for failure to join indispensable parties; peremptory exception based upon plaintiffs’ failure to follow the legal requirements of R.S. 47:1998. The district court overruled the exception of improper venue, but granted the defendants’ motion to stay pending the determination of the Federal case. After the Federal case had been terminated, the remaining exceptions were heard September IS, 1969, by the Honorable Lewis S. Doherty, III, District Judge, who rendered judgment sustaining the peremptory exceptions of failure to exhaust administrative remedies; and the failure of plaintiffs to comply with the requirements of R.S. 47:1998; and dismissed plaintiffs’ suit at their cost. The district court found it unnecessary to act upon the other exceptions. The plaintiffs have appealed devolutively.
The only issues before us is a review of the action of the district court in sustaining the peremptory exception of failure to exhaust administrative remedies, and the peremptory exception of failure to comply with the requirements of R.S. 47:1998, and the dismissal of plaintiffs’ petition.
The plaintiffs allege they own real and personal property in Caddo Parish, and that because the Louisiana Tax Commission has not discharged its statutory duty to fix and determine the percentage of actual cash value of the property upon which State ad valorem taxes are paid and that the assessments have not been equalized, their properties are being assessed at a higher percentage of actual cash value for ad valorem purposes than those of owners of similar property in other parishes of the State of Louisiana, they are being required to pay a higher effective tax rate on their properties than are the owners of similar properties in other parishes. They say that the assessment óf their property in this way constitutes discrimination as to them and others similarly situated. The defendants contend the plaintiffs are not entitled to a writ of mandamus in this proceeding. They point out that the plaintiffs’ remedy is established by the Louisiana Constitution and as provided for by statute, and particularly R.S. 47:1998. The Fifth Circuit Court of Appeal in Bussie v. Long, 383 F.2d 765, reviewed the relief available to plaintiffs on practically the identical issues here involved, and in that connection, said:
“The Louisiana Constitution, Art. X, § 1, provides that all taxpayers shall have the right to test the correctness of their assessments before the courts. We have already pointed to the requirement that all real property in Louisiana be assessed at actual cash value and that it be assessed uniformly. Art. X, § 12, and La. R.S. 47:1988, 1989, supra. La.R.S. 47:1957 requires the Tax Commission to assess all property in Louisiana. La.R.S. 47:1990 vests power in the Tax Commission to change or correct assessments in order to make the assessments conform to the correct valuation of the property. La.R.S. 47:1992 makes provision for the taxpayer to object to the assessment of property and also provides for administrative review. If the taxpayer is dissatisfied with the decision on review, he may obtain judicial review under La.R.S. 47:1998, 1999 or 2000. La.R.S. 47:2110 provides for suit to recover taxes paid under protest. The Louisiana Supreme Court in Dixon v. Flournoy, 1965, 247 La. 1067, 176 So.2d 138, pointed in detail to the remedies available to appellants in the Louisiana courts and we agree with the district court that they appear to be plain, speedy and efficient within the contemplation of 28 U.S.C.A. § 1341.”
The judgment, appealed from by plaintiffs, sustained the exceptions interposed by defendants who contended that the plaintiffs have not exhausted their administrative remedies and their failure to comply with the requirements of R.S. 47:1998. The case of Dixon v. Flournoy, 247 La. *71 1067, 176 So.2d 138, was a class action by eight Caddo Parish taxpayers, individually and in behalf of all other taxpayers in Caddo Parish similarly situated for the recovery of the 1964 State ad valorem taxes assessed against them and paid by them under protest, and for judgment declaring the tax unconstitutional, null, and void, and relieving them from all future payment of such tax. In the Dixon case, as here, the plaintiffs made similar contentions that the arbitrary, and irregular assessment of their properties constituted discrimination which resulted in systematic lack of equality in the payment of taxes. The court in that case, while recognizing that the systematic irregularity of assessment of property of the same class is an unconstitutional discrimination against one who is compelled thereby to pay more than his fair share of the aggregate tax, held that the plaintiffs had failed to comply with the conditions required of the taxpayer in order for him to be entitled to judicial relief. In that connection the Court said:
“The principles of law relied upon by the plaintiffs are well recognized; but before one can file such a suit relying on these principles, he must first comply with certain conditions required by our law.
R.S. 47:1998 deals with the right of a taxpayer to seek judicial review when he is dissatisfied with the action of the parish board of review in refusing to make a recommendation in respect to actual cash valuation to the tax commission, or with the tax commission’s refusal to comply with such recommendation, or in regard to the actual cash valuation fixed by the tax commission (paragraph 1); or when the taxpayer is dissatisfied and contests the correctness or legality of any assessment made against his property.”
In the Dixon case, supra, the Supreme Court in its opinion regarding the necessity of complying with the provisions of the second paragraph of R.S. 47 :1998 as a condition precedent to obtaining judicial relief said:
“Under paragraph 2 of Section 1998 certain conditions are required of the tax payer in order for him to seek judicial relief. First, he must file a sworn list or return of his property on or before the first day of April of the year. Second, such a suit shall not be instituted before the assessment rolls are filed in the office of the clerk of court of the parish in which the property is situated, or later than 30 days following the date of the filing of the rolls. These are conditions for the institution of a suit in which the taxpayer contests the legality of any assessment made against his property.”
The trial court correctly stated:
“In this case the plaintiffs do not allege in their petition that they have paid any tax under protest, nor do they even demand the return of alleged excessive payments of tax.”
The ultimate object of plaintiffs’ suit is to require the Louisiana Tax Commission to determine the actual cash value of all taxable property in Louisiana for ad valorem tax purposes, and to fix the percentage of the actual cash value upon which the State ad valorem taxes must be assessed and collected. But this object is dependent upon their being able to show that their own assessment is incorrect and illegal. If their own assessment is correct and legal, they have no cause to complain, and are not entitled to a writ of mandamus. In order to secure a judicial review of their own assessment they must comply with the conditions of the second paragraph of R.S. 47:1998. Since the plaintiffs have failed to comply with the conditions prescribed for a judicial review of their assessments, the judgment of the District Court maintaining the exceptions and dismissing their suit was correct.
The district judge expressed the opinion that the extraordinary writ of *72 mandamus will not lie in this case because the actions sought to be required of the defendants are not merely ministerial, but involve a significant use of judgment and discretion. LSA-C.C.P. Art. 3863 definitely provides that mandamus will lie only to compel a public officer to perform a ministerial duty. The general rule as to the scope of the remedy of mandamus is stated in 55 C.J.S. Verbo Mandamus § 133, as follows :
“As a general rule mandamus is not available to review or control the acts of public officers and boards in respect of matters as to which they are vested with discretion.”
In State ex rel. Citizens Finance Co. v. James, La.App., 213 So.2d 64, we said:
“Recently, in the case, State ex rel. Hayes v. Louisiana State Board of Barber Examiners, La.App., 208 So.2d 369, writs denied by the Supreme Court on May 17, 1968, in La. [252 La. 169], 210 So.2d 53, we pointed out that our Code of Civil Procedure contains no authority by which we can compel a public official or board to perform a discretionary act.”
Counsel for appellants called our attention to the case of Kacsur v. Board of Trustees of South Whittier Elementary School Dist. et al., and Hill v. Same, Cal. App., 109 P.2d 731. In that case the Court had under consideration the two actions above mentioned in which permanent teachers sought writs of mandamus to compel a school board to fix their salaries at a certain sum and to draw a warrant upon the county treasurer for such sum. The teachers alleged their respective salaries had been reduced from $1,600 to $1,-325; and that the reduction in their salaries was arbitrary and discriminatory, and without authority in law. The court found that the School Code, which empowered school boards to “fix” the compensation of permanent teachers, conferred upon such boards discretionary power to regulate such compensation. The court found that the board of trustees had acted within their legal discretion and that it had not abused that discretion. Hence, this case supports the contention of the defendants.
Taking into consideration all the pleadings herein and the law and jurisprudence applicable thereto, we concur in the opinion of the district judge that the plaintiffs are not entitled to the use of the writ of mandamus based upon the showing made herein.
For the reasons assigned the judgment appealed from is affirmed; appellants are to pay all costs.
Affirmed.