243 So.2d 776

Victor BUSSIE et al.

v.

Mrs. Blanche Revere LONG et al.

No. 50703.

Jan. 18, 1971.

Dissenting Opinion Feb. 1, 1971.

Rehearing Denied Feb. 24, 1971.

DeBlieux, Guidry & Lowe, J. D. De-Blieux, Baton Rouge, for plaintiffs-appellants.

Jack P. F. Gremillion, Atty. Gen., Kenneth C. DeJean, Asst. Atty. Gen., for defendants-appellees.

Plauche Villere, Jr., Blake G. Arata, City Attys., Beuker F. Amann, First Asst.

City Atty., Jackson P. McNeely, Asst. City Atty., for amicus curiae.

SANDERS, Justice.

This case poses the question of whether a property taxpayer may maintain a mandamus proceeding against the Louisiana Tax Commission to require that body to perform its statutory duties relating to the equalization of property taxes. The lower court sustained a peremptory exception and dismissed the suit without trial. We reverse and remand the case for further proceedings.

Victor Bussie and his wife, property taxpayers, brought this class action on behalf of themselves and all other property taxpayers similarly situated to compel the Louisiana Tax Commission and its individual members to perform their mandatory duty to establish the actual cash value of all property in the state and to fix the percentage of actual cash value for the collection of state *ad valorem* taxes. They allege that the defendants have failed to perform their constitutional and statutory duties and that, as a result, the assessments and taxes collected are unequal and discriminatory, especially between taxpayers who reside in different parishes. The defendants filed several responsive pleadings, including an exception of improper venue and a peremptory exception. J. Barry Mouton, a property owner of Lafayette Parish, filed a petition of intervention joining with defendants in resisting plaintiffs' demands.

The district court overruled the exception of improper venue but sustained the peremptory exception on the ground that plaintiffs had failed to comply with the administrative procedures in LSA–R.S. 47:1998 and, additionally, that mandamus would not lie to enforce the performance of the duties described in the petition. The Court of Appeal affirmed the judgment of the district court. 236 So.2d 68. We granted certiorari to review the judgment of the Court of Appeal. 256 La. 817, 239 So. 2d 344.

In this Court, the City of New Orleans and the Junior Chamber of Commerce of New Orleans have appeared as *amicus curiae* to support the legal position of plaintiffs.

▬ The Court of Appeal held that the plaintiffs could not maintain the present suit, because they had not complied with LSA–R.S. 47:1998, requiring the advance filing of a sworn list of property within a specified time. As we construe this statute, it applies only to suits to contest the correctness or legality of tax assessments against the property of an individual taxpayer. It is inapplicable to a suit, like the present one, seeking the performance of the mandatory duties imposed upon the Louisiana Tax Commission in the statewide equalization of taxes.

The case of Dixon v. Flournoy, 247 La. 1067, 176 So.2d 138, relied upon by the Court of Appeal, is distinguishable from the present suit. In that case, a group of taxpayers in Caddo Parish filed suit against the Tax Collector for recovery of ad valorem taxes paid under protest. Although the taxpayers complained of the lack of uniformity in assessment practice, the relief sought was the recovery of individual taxes wrongfully assessed and collected. This Court correctly held that the taxpayers had to comply with the provisions of LSA–R.S. 47:1998 in order to maintain such a suit.

More difficult is whether mandamus is a proper remedy in the present case. Mandamus is a writ directing a public officer or others designated by statute to perform a duty. LSA–C.C.P. Art. 3861. Only a certain type of duty qualifies for enforcement under this extraordinary writ.

Article 3863 of the Louisiana Code of Civil Procedure provides:

"A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law * * *."

The question framed, then, is whether the performance sought in the present suit is of "a ministerial duty required by law."

Article X, Section 12 of the Louisiana Constitution provides that all real estate shall be valued at actual cash value.[1] This constitutional provision is implemented by statute.

LSA–R.S. 47:1957 provides:

"*All taxable property in the state shall be assessed by the tax commission.* The assessors shall be responsible, under the supervision of the tax commission, for listing and assessing all property within their respective parishes, except such property as is subject to direct assessment by the tax commission.

"*All property subject to taxation shall be listed and assessed at actual cash value* and the actual cash value of all property fixed by the tax commission shall be the actual cash value for all purposes. (Italics ours).

LSA–R.S. 47:1989 further provides:

"*The value of all taxable property in the state shall be fixed by the tax commission.* The assessors shall make up the assessment lists in the manner and method prescribed by the tax commission and shall deliver to the tax commission copies of such lists and abstracts thereof as may be required by the tax commission. The assessors shall furnish the

---

1. The petition of intervention alleges that Sections 1 and 4 of Article X exclude "timber and timber lands" from the operation of this constitutional mandate. In passing upon the peremptory exception, we do not concern ourselves with the existence of special exceptions. Nor do we express an opinion on other pleadings that were not ruled upon in the lower courts.

tax commission all data and reasons governing them in fixing valuations and if necessary any assessor shall appear before the tax commission at its domicile or elsewhere or before any member or person authorized to represent the tax commission elsewhere. The tax commission shall pay the actual sworn and itemized expenses of any assessor required to appear outside of his parish. * * *

"*The tax commission shall fix the percentage of the actual cash valuation upon which the state taxes must be collected after the actual cash valuation for the whole state has been fixed in order to realize necessary revenues, according to legislative appropriation.* The percentage of actual cash value upon which state taxes are to be collected shall be so fixed that the taxes collected thereon do not exceed such legislative appropriation after making allowances for a proper percentage in the failure of collections and after deducting from the total amount of the legislative appropriation, income from all sources other than property taxation. The tax on property shall not exceed the amount thus indicated." (Italics ours).

These statutory provisions impose a mandatory duty upon the Louisiana Tax Commission to establish the actual cash value of taxable property in the state and to fix the percentage of the actual cash value upon which state taxes must be collected. According to the allegations of the petition, the Louisiana Tax Commission has failed to perform these duties.

The Court of Appeal held that these duties were non-ministerial, because they involved "a significant use of judgment and discretion." In so holding, the court erred.

It is true that the establishment of the actual cash value of property involves a judgment factor. It is also true that fixing the percentage of that value appropriate for a uniform tax base includes a judgment factor. Nonetheless, the statutory duty to establish the actual cash value and fix some percentage is mandatory, direct, and positive. The Commission has no discretion as to whether or not the act will be performed.

In their petition, plaintiffs seek only the performance of the act made obligatory by statute. The pleadings suggest no intrusion into the discretion of the Commission.

Judicial decisions here and elsewhere support a holding that mandamus will lie to compel a taxing authority to perform a duty to assess property or to fix a value ratio for a tax base. See State ex rel. Sellers v. Fifth Jefferson Drainage Dist., 151 La. 1006, 92 So. 592; State ex rel. Cunningham v. Board of Assessors, 52 La. Ann. 223, 26 So. 872; Karno v. Louisiana Tax Commission, La.App., 233 So.2d 592,

cert. denied 256 La. 251, 236 So.2d 30; Switz v. Kingsley, 37 N.J. 566, 182 A.2d 841; State ex rel. Castillo Corp. v. New Mexico State Tax Comm., 79 N.M. 357, 443 P.2d 850; Village of Ridgefield Park v. Bergen County Bd. of Taxation, 31 N.J. 420, 157 A.2d 829; McNayr v. State, etc. (Fla.), 166 So.2d 142; Pierce v. Green, 229 Iowa 22, 294 N.W. 237, 131 A.L.R. 335.

The jurisprudence on this point is correctly summarized in 52 Am.Jur.2d, Mandamus, § 258, p. 583 as follows:

"The use of the writ to compel the performance of ministerial duties relating to the levy and assessment of taxes is generally recognized. Thus, the writ has been held to be an appropriate remedy to enforce a statutory duty to assess and levy taxes, to compel a state tax commission to provide a uniform assessment percentage for use in all counties for ad valorem tax purposes, to assess property at a fixed percentage of its value, or at its true or full value, to assess property that has been omitted by the application of a wrong theory of assessment, or to enter in proper land books, and assess for taxation, land which should be so entered and assessed."

We conclude that the specific duties sought to be enforced here are ministerial duties imposed by law within the meaning of Article 3863 of the Louisiana Code of Civil Procedure. Hence, mandamus is a proper remedy.

For the reasons assigned the judgment of the Court of Appeal is reversed, the peremptory exception sustained by the lower courts is overruled, and the case is remanded for further proceedings according to law.

SUMMERS, Justice (dissenting).

The issue involved in this case is the identical question we decided in Dixon v. Flournoy, 247 La. 1067, 176 So.2d 138 (1965). In that suit, a class action, plaintiffs sought to have assessments against their property in Caddo Parish declared illegal because their property was assessed for a higher percentage of its value than similar properties in other parishes of the State. They charged that the Tax Commission would not fulfill its duty of equalizing property tax assessments between the various parishes and this failure to act constituted purposeful discrimination.

In the Dixon Case, as in the case at bar, plaintiffs relied upon Article X, Section 1, of the Louisiana Constitution to the effect that all taxes shall be uniform upon the same class of subjects throughout the territorial limits of the authority levying the tax, and on Section 12 of that Article which requires that all real estate shall be valued at actual cash value, listed on the assessment rolls, and submitted to the Louisiana Tax Commission. In the Dixon Case the trial judge maintained an exception which alleged noncompliance with certain pre-

requisites to the filing of such a suit.[1]  On appeal to this Court that judgment was affirmed.  In deciding the case we said:

> The principles of law relied upon by the plaintiffs are well recognized; but before one can file such a suit relying on these principles, he must comply with certain conditions required by our law.
>
> \*        \*        \*        \*        \*        \*

Under paragraph 2 of Section 1998 certain conditions are required of the taxpayer in order for him to seek judicial relief.  First, he must file a sworn list or return of his property on or before the first day of April of the year.  Second, such a suit shall not be instituted before the assessment rolls are filed in the office of the clerk of court of the parish in which the property is situated, or later than 30 days following the date of the filing of the rolls.  *These are conditions for the institution of a suit in which the taxpayer contests the legality of any assessment made against his property.*  (Emphasis added.)

Plaintiff's suit in the case at bar is no different from the suit in the Dixon Case, for both rest upon the basic claim of unconstitutional assessment practices.  The relief prayed for in the Dixon Case was a declaration that the unequal assessments in Caddo Parish were unconstitutional and plaintiff was entitled to a refund of the 1964 tax on that account.  The prayer in the case at bar calls for a declaration that the assessment practice is unconstitutional and asks for a mandamus against the Tax Commission to remedy that practice.  Both suits are therefore based upon allegations that plaintiffs' assessments are *incorrect* and *illegal* and both suits, in that respect, are governed by the provision of Section 1998 of Title 47 of the Revised Statutes.  See footnote, supra.  There is nothing in Section 1998 which declares that if the illegality complained of is an unconstitutional practice the prerequisites or condi-

---

1.  Paragraph 2 of La.R.S. 47:1998 provides:

"Any taxpayer in the state, the parish of Orleans excepted, who has filed a sworn list or return of his property for taxation on or before the first day of April of any year, shall have the right to institute suit in the court having jurisdiction of the cause of action, for the purpose of contesting the correctness or legality of any assessment made against the property listed on such return.  Any such suit or legal proceeding shall not be instituted before the assessment rolls are filed in the office of the clerk of court of the parish in which the property is situated as now provided by law, nor later than thirty days following the date of filing of the rolls, except suits to test the correctness of changes in assessments made under written instructions of the tax commission, pursuant to R.S. 47:1990, which suits must be instituted within thirty days after the date of the written instructions of the tax commission ordering the change.  No other condition precedent than those specified herein shall be required of the taxpayer in order to permit him to exercise the right of action hereby granted."

tions of that section need not be complied with before suit.

After we decided the Dixon Case plaintiffs in the case at bar instituted a class action against the Louisiana Tax Commission in the United States District Court for the Eastern District of Louisiana. Bussie v. Long, 254 F.Supp. 797 (1966). In that suit they alleged the identical grounds and sought the identical relief which they seek in the case at bar. Recognizing that adequate relief was available in the State courts, as the Dixon Case carefully set forth, the trial judge dismissed the suit saying:

. The fact that the State prescribes certain requirements to be met before a suit may be filed or sets a time limit in which suits must be filed does not mean that the State fails to meet the "plain, speedy and efficient remedy" test of 28 U.S.C.A. § 1341.

The case was then appealed to the United States Court of Appeals, Fifth Circuit, where the judgment was affirmed, the Court declaring:

The Louisiana Constitution, Art. X, § 1, provides that all taxpayers shall have the right to test the correctness of their assessments before the courts. We have already pointed to the requirement that all real property in Louisiana be assessed at actual cash value and that it be assessed uniformly. Art. X, § 12, and La.

R.S. 47:1988, 1989, supra. La.R.S. 47:-1957 requires the Tax Commission to assess all property in Louisiana. La.R.S. 47:1990 vests power in the Tax Commission to change or correct assessments in order to make the assessments conform to the correct valuation of the property. La.R.S. 47:1992 makes provision for the taxpayer to object to the assessment of property and also provides for administrative review. If the taxpayer is dissatisfied with the decision on review, he may obtain judicial review under La. R.S. 47:1998, 1999 or 2000. La.R.S. 47:-2110 provides for suit to recover taxes paid under protest. The Louisiana Supreme Court in Dixon v. Flournoy, 1965, 247 La. 1067, 176 So.2d 138, pointed in detail to the remedies available to appellants in the Louisiana courts and we agree with the district court that they appear to be plain, speedy and efficient within the contemplation of 28 U.S.C.A. § 1341.

Appellants argue that the Louisiana remedy is not adequate for the reason that relief is afforded to individual taxpayers only as distinguished from relief to all taxpayers in the state in one federal suit through a mandatory injunction against the Tax Commission. It is said to be inadequate because a suit against an assessor to recover taxes under La.R.S. 47:2110 will not force the Tax Commission to do its duty, and that

a suit to have their assessments reduced under La.R.S. 47:1998 and 1999 will only indirectly force the equalization of assessments. They point out that a mandatory injunction is not available as a remedy under Louisiana law and that a mandamus proceeding against the Tax Commission would be unsuccessful for various reasons. *But the court in Dixon v. Flournoy, supra, dealt with the very problem which is the bone of contention here. The taxpayers lost there because they had failed to comply with procedural requirements plainly stated in the statutes but the court was at pains to explain their remedy to them.* (383 F. 2d 766, 770)  (Emphasis added.)

It was just prior to the Fifth Circuit judgment that the present suit was filed in the Nineteenth Judicial District Court, Parish of East Baton Rouge. Proceedings were stayed there until the proceedings in the Fifth Circuit were terminated, after which the trial judge recognized that the contentions in the case at bar were similar to the contentions in Dixon v. Flournoy, 247 La. 1067, 176 So.2d 138 (1965). Relying upon the controlling language in the Dixon Case, he dismissed this suit. In his reasons for judgment he observed:

Plaintiffs' own counsel would be hard-pressed to deny that one of the objects of this suit involves the validity of the plaintiffs' own assessment. If, in fact, their assessment is correct and legal, it

must be presumed that the responsible authority properly discharged the duty required of it by law. Further, if the assessment is correct, they have no legal standing in Court sufficient to afford them the relief sought by the writ of mandamus. Cleveland v. Martin [La. App.], 29 So.2d 516 (1947). Albeit it is true that the validity of their own assessment is not the primary purpose of plaintiffs' lawsuit, it is and must be more than an incidental question involved.

An appeal was taken from the dismissal to the Court of Appeal, First Circuit, where the judgment of the trial court was affirmed. Bussie v. Long, 236 So.2d 68 (La. App.1970). Noting that the decision in the United States Fifth Circuit Court of Appeal in Bussie v. Long, 383 F.2d 766, "reviewed the relief available to plaintiffs on practically the identical issue" and relying upon the authority of the Dixon Case, the Court affirmed the trial court judgment. In deciding the case the Court of Appeal stated:

The ultimate object of plaintiffs' suit is to require the Louisiana Tax Commission to determine the actual cash value of all taxable property in Louisiana for ad valorem tax purposes, and to fix the percentage of the actual cash value upon which the State ad valorem taxes must be assessed and collected. But this object is dependent upon their being able to show that their own assessment is in-

correct and illegal. If their own assessment is correct and legal, they have no cause to complain, and are not entitled to a writ of mandamus. In order to secure a judicial review of their own assessment they must comply with the conditions of the second paragraph of R.S. 47:1998. Since the plaintiffs have failed to comply with the conditions prescribed for a judicial review of their assessments, the judgment of the District Court maintaining the exceptions and dismissing their suit was correct.

Notwithstanding the persuasive effect of six decisions on the same issue, this Court has very briefly sought to set aside these decisions by a perfunctory statement that the Dixon Case was distinguishable because there "the relief sought was the recovery of individual taxes wrongfully assessed and collected." What the Court has failed to recognize is that the Dixon Case, like the case at bar, contested the "correctness or legality" of plaintiffs' assessments. When the object of the suit falls within those boundaries, Section 1998 is applicable and cannot be disregarded.

Both suits alleged unconstitutional assessment practices, and this contention was the basic premise of both suits. The fact that one suit sought a return of taxes paid as an incident to its claim of illegality and the other sought a mandamus to correct the assessment practice as an incident to its

claim of illegality does not and should not make Section 1998 applicable in one case and not in the other.

In addition to the error the Court has committed by failing to adhere to the authority of the Dixon Case by invoking an invalid and unreasoned distinction, I feel that the Court has mistakenly decided that fixing the value of property is a ministerial function and the Tax Commission may be compelled by mandamus to fix the "actual value" of all property within the State.

Aside from the obvious impropriety of seeking to compel the Tax Commission with a staff of thirty-nine people to re-assess all property in the State, a task it is incapable of performing, it is erroneous to say that fixing the value of property is a ministerial function. As every member of this Court should know, determination of property values is anything but a ministerial function. More often than not, especially when the valuation is called in contest, experts and appraisers are required to assist in the determination. In this day and time appraisers are required to have special training and experience and even so they rarely agree upon property values. In the absence of a willing buyer and willing seller situation, determination of property values calls for the exercise of an educated judgment based upon ample facts, a great deal of learning and much experience. It is anything but a ministerial function. La. Code Civ.P. art. 3863.

Moreover, mandamus can issue only in cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice. La.Code Civ.P. art. 3862. As the United States Fifth Circuit Court of Appeal observed in Bussie v. Long, 383 F.2d 766 (1967),

The Louisiana Supreme Court in Dixon v. Flournoy, 1965, 247 La. 1067, 176 So. 2d 138, pointed in detail to the remedies available to appellants in the Louisiana courts and we agree with the district court that they appear to be plain, speedy and efficient within the contemplation of 28 U.S.C.A. § 1341.

No allegation whatsoever appears in plaintiffs' petition to support even the slightest inference that the ordinary means of suit will not provide relief to these plaintiffs. What plaintiffs do call upon the Court to do, and what the Court has done, is to circumvent the procedural prerequisites the Legislature has prescribed.

Essentially, this suit demonstrates that plaintiffs and their class are not satisfied with the procedure the Legislature has prescribed for compelling compliance with the constitutional mandate that property be assessed at actual value. So they have called upon this Court to do what no other court would do—overstep the legislative procedure and invoke the extra-

ordinary remedy of mandamus in a case where mandamus clearly does not lie.

I respectfully dissent.

SUMMERS, J., is of the opinion that a rehearing should be granted.