SAMUEL, Judge.
Plaintiff, a Louisiana corporation, is the owner of approximately 4,000 acres of land located in Ward 5 of the Parish of Jefferson. For 1969 tax purposes the Jefferson Parish Assessor estimated the value of the land at $8,800 and listed the same accordingly. Thereafter, the rolls, including that assessment, were accepted by the Louisiana Tax Commission. The Jefferson Parish Council, acting as a Board of Review, made no recommendation relative to the assessment and accepted the rolls which were filed with the Parish Clerk of Court. Later, by written order dated December 8, 1969, “To adjust value to that of neighboring property” as stated in the order, the Tax Commission directed and authorized the Sheriff of the Parish of Jefferson to change the assessment from $8,800 to $263,388 and collect taxes in accord therewith.
Plaintiff then filed this suit against the Louisiana Tax Commission, the Sheriff and Ex-Officio Collector of Taxes for the Parish of Jefferson, and the Assessor for the Parish of Jefferson seeking judgment by rule nisi: (1) against the Tax Commission declaring null and void its action which increased the assessment and reinstating the original assessment of $8,800 as a fair and reasonable evaluation of the property; (2) against the Assessor directing and ordering him to change the rolls accordingly; and (3) against the Sheriff directing and ordering him to accept payment of taxes based on the $8,800 assessment. The original and supplemental petitions also pray for a preliminary, and thereafter a permanent, injunction restraining the Sheriff from taking any further action relative to the collection of taxes based on the $263,388 assessment.
To plaintiff’s petitions the Tax Commission and the Sheriff filed exceptions of improper venue and unauthorized use of summary proceedings. Subsequently, those two defendants also filed exceptions of no right or cause of action. At the conclusion of a hearing on the exceptions of venue and no right of action, at which evidence was received, the trial court orally stated from the bench he was going to overrule the exceptions of improper venue and maintain the exceptions of no right of action. He requested counsel to prepare judgments in conformity therewith.
Apparently no judgment was signed relative to the exceptions of improper venue; the record does not contain such a judgment. The sole judgment in the record does not refer to venue; it only sustains the exceptions of no right of action filed by the Tax Commission and the Sheriff, dismisses the suit at plaintiff’s cost, and reserves to the attorney for the Sheriff his rights to compensation under LSA-R.S. 47:1998.
*596 Plaintiff has appealed. The Tax Commission has answered the appeal praying: (1) the judgment on its exception of no right of action be affirmed; (2) alternatively, and only in the event that judgment is reversed, the commission’s exceptions of no right or cause of action (on grounds other than the basis of the judgment appealed from) and unauthorized use of summary process be maintained; and (3) also in the alternative and only in the event the judgment on the exception of no right of action is reversed and the other two exceptions are overruled, the “oral ruling of the lower court” denying its exception of improper venue be reversed and the suit dismissed on that ground.
Ordinarily we would feel compelled to consider the venue question first for the reason that without venue in the trial court it would have had no authority, and consequently we now would have no authority, to decide the other exceptions. However, venue can be waived by the Tax Commission.[1] And here in its answer, as well as in argument and in brief, the Tax Commission has prayed that we first consider its exceptions of no right of action, no cause of action and unauthorized use of summary process and that we consider venue only in the event our conclusions on those other exceptions are adverse to the position of the Commission. While we do not hold the Tax Commission thus has waived its venue exception (we consider it unnecessary to decide that question), under these circumstances, especially in view of no objection being made thereto and of our conclusion that the judgment sustaining the exception of no right of action is correct and alone requires dismissal of the suit, we deem it proper to consider and decide the issue raised by the latter exception without first considering and deciding the question of venue.
The sole basis for maintaining the exception of no right of action was that plaintiff failed to file a sworn list or return of the property for taxation as required by LSA-R.S. 47:1998. Inter alia, the second paragraph of that statute provides :
“Any taxpayer in the state, the parish of Orleans excepted, who has filed a sworn list or return of his property for taxation on or before the first day of April of any year, shall have the right to institute suit in the court having jurisdiction of the cause of action, for the purpose of contesting the correctness or legality of any assessment made against the property listed on such return. Any such suit or legal proceeding shall not be instituted before the assessment rolls are filed in the office of the clerk of court of the parish in which the property is situated as now provided by law, nor later than thirty days following the date of filing of the rolls, except suits to test the correctness of changes in assessments made under written instructions of the tax commission, pursuant to RS. 47:1990, which suits must he instituted within thirty days after the date of the written instructions of the tax commission ordering the change. No other condition precedent than those specified herein shall be required of the taxpayer in order to permit him to exercise the right of action hereby granted.” (emphasis ours) LSA-R.S. 47:1998.
The quoted provisions require that two conditions be met in order to give a taxpayer the right to institute suit “to test the correctness of changes in assessments made under written instructions of the tax commission”: (1) he must file a sworn list of his property on or before the first day of April of the tax year; and (2) the suit cannot be instituted before the assessment rolls are filed in the office of the Clerk of Court and must be instituted within thirty days after the date of the Tax Commission instructions ordering the change.
Dixon v. Flournoy, 247 La. 1067, 176 So.2d 138, handed down by the Supreme Court of Louisiana in 1965, holds[2] that a *597 taxpayer who fails to file the sworn list of his property as required by the second paragraph of LSA-R.S. 47:1998 is without right to seek judicial relief for the purpose of contesting the correctness or legality of any assessment. Our added emphasis in the second paragraph herein quoted clearly shows the present action is one within the contemplation of the statute.
In this court plaintiff admits it did not file the required sworn list of the property and concedes Dixon v. Flournoy squarely holds the necessity for the two prerequisites, the filing of the sworn list and the timeliness thereof, in order to give a taxpayer the right to the kind of judicial review the statute contemplates. But it contends Dixon v. Flournoy is inapplicable to the facts of this case. It argues:
Under LSA-R.S. 47:1956 the Tax Commission has the mandatory duty to prepare, print and furnish the sworn list forms to the Assessor. As the statute also requires that the taxpayer “return” the completed list to the Assessor, the use of the word “return” indicates the taxpayer must first have received the list form from the Assessor. Here, as the evidence shows, by arrangement between the Tax Commission and the Assessor the sworn list forms were withheld from the plaintiff and other Jefferson Parish taxpayers. And, as a matter of law, the taxpayer has no obligation to file a sworn list where the list form has not been provided by the Tax Commission and the Assessor.
The record does not substantiate plaintiff’s conclusions as to the facts established by the evidence, which consists of various exhibits and the testimony of three witnesses, the Jefferson Parish Assessor, one of his deputies, and the executive secretary of the Tax Commission.
As we understand the record it does show that in the Parish of Jefferson, with the exception of a very few corporations, no sworn lists were filed by any taxpayer over a long period of years. At the request of a prior assessor, made primarily because of the lack of need therefor, the state authorities had stopped sending the list forms to the Jefferson Assessor and no such forms were sent by him to the taxpayers. This also occurred in many other parishes. However, the Assessor’s office did have a supply of the list forms which were available to any taxpayer requesting them. And the plaintiff in this case had neither requested one of these forms nor had it filed the sworn list.
Under these circumstances LSA-R.S. 47:1956, upon which plaintiff bases its argument, affords plaintiff no relief. In pertinent part that statute provides:
“Each taxpayer, the parish of Orleans excepted, shall fill out a list of his property and make oath to its correctness, in the manner and form prescribed by law and return such list to the assessor on or before the first day of April of each year. In the parish of Orleans, each taxpayer shall return a list of his property, duly sworn to, within twenty days after the form for such purpose shall have been left at his domicile or place of business.” (emphasis ours) LSA-R.S. 47:1956.
The words “return such list to the assessor” as used in the first quoted sentence simply contemplate that the taxpayer in any parish other than Orleans will obtain from his assessor the list form prescribed by the Tax Commission and then “return” the sworn list to the assessor. The statute only requires that the list form be left at the domicile or place of business of the taxpayer, i. e., be delivered or sent to the taxpayer, in the Parish of Orleans; it makes no such requirement in any of the other parishes where such delivery or sending is npt one of the duties imposed on the assessor. In the instant case the Jefferson Parish Assessor had a supply of the list forms which were available to plaintiff upon request, sufficient compliance with the statutory requirement.
We conclude Dixon v. Flournoy is applicable and therefore must be followed by *598 this court. Plaintiff has no right of action because it failed to file the required sworn list.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. LSA-C.C.P. Arts. 7 and 925.

. See also Bussie v. Long, La., 243 So.2d 776.