LEMMON, Judge
(concurring).
The judgment appealed from indirectly enjoins collection of ad valorem taxes assessed to plaintiff taxpayers, in violation of R.S. 47-2110, and must be reversed.
Notice and hearing were afforded to all taxpayers whose assessments were increased in accordance with valuations estimated for purposes of equalization by independent appraisers employed by the Board of Review.[1] R.S. 47-2110 obviously prohibited these taxpayers from directly enjoining collection of taxes in the amount increased by the Tax Commission order. The fact that plaintiff taxpayers deftly attempted to circumvent the prohibition by seeking restraint of the order does not change the reality that they are actually attacking the result of the order (collection of their taxes) in an injunction proceeding. The judgment decreeing the preliminary injunction resulted in restraint of collection of ad valorem taxes and effectively granted plaintiff taxpayers the prohibited result they were ultimately seeking.[2]
Inasmuch as we have decided that injunc-tive relief to plaintiff taxpayers cannot be permitted, we did not consider the merits of their attack on the validity of the Commission order. Nothing in this judgment, however, prevents payment under protest and subsequent suit for recovery based on arguments advanced in this suit or on other grounds.
The assessors perhaps could have sought to restrain the order (or certainly could have sought declaratory relief) after filing their rolls, either with or without the ordered changes. However, their failure to file their rolls resulted in stifling the process of government to a far greater extent than possibly would have been caused by the prohibited injunctive relief to several individual taxpayers. Under these circumstances the court should not entertain the assessors’ intervention, even if they otherwise stated a cause of action.

. There is no contention that the increased rate of taxation was confiscatory, which was the critical contention in Churchill Farms, Inc. v. Louisiana Tax Commission, 249 So.2d 594 (La.App. 4th Cir. 1971).

. Significantly, plaintiff taxpayers did not seek equalization of the entire system, as did the plaintiffs in Bussie v. Long, 257 La. 623, 243 So.2d 776 (1971). They instead sought in effect to perpetuate the obviously unconstitutional existing system, which places the vast majority of the cost of government on those taxpayers who own recently transferred property and which unequally favors long-time owners of immovable property.