SHORTESS, Judge.
This appeal is from the dismissal of a suit brought by Charles Metrailer, Jr. (plaintiff) on his own behalf and on behalf of “all persons similarly situated” against Frank Granger (defendant), in his capacity as Tax Assessor for East Baton Rouge Parish, for the issuance of a writ of mandamus. See LSA-C.C.P. arts. 3861 through 3863.
Plaintiff seeks mandamus to require defendant to “reassess all real property at the fair market value in the Parish of East Baton Rouge as ordered by LSA-R.S. 47:2331” and “[t]o provide uniformity and equality in the assessment of real property in East Baton Rouge Parish.”
The trial court dismissed the suit on exceptions of prematurity and no right of action, reasoning that the offices of the various assessors are supervised by the Louisiana Tax Commission, and that the statutory mandate of uniformity and the power to ensure same falls upon and vests in the Tax Commission. See LSA-R.S. 47:1837. The court further held that the statutory scheme requiring Tax Commission review of “appraisals or assessments” and, inter alia, annual publication of the results followed by reappraisal upon a determination of deviation of more than ten percent from the constitutionally prescribed percentage of fair market value had not been completed. The trial court additionally held that the Tax Commission is vested with the authority to ensure the constitutional and statutory mandate of reappraisal every four years. See LSA-Const. Art. VII, § 18(F); LSA-R.S. 47:2331.
The trial court concluded that until the Tax Commission followed the scheme delineated in LSA-R.S. 47:1837(B) for determination of uniformity, including the holding of a public hearing and publication of the Commission’s findings, the suit was premature. The trial court sustained the exception of no right of action, consistent with the reasoning that the Tax Commission is the entity that ensures uniformity and reappraisal.
Plaintiff has failed to assign error(s) in the trial court’s ruling as required by Rule 2-12.4 of the Uniform Rules of the Courts of Appeal. In the interest of judicial economy, however, we will address those issues we deem dispositive as can be inferred from plaintiff’s brief.
The trial court based the dismissal primarily on its finding that plaintiff’s mandamus sought uniformity. Its ruling, in this respect, was misguided. What plaintiff primarily seeks is reappraisal at fair market value, as required by both the Louisiana Constitution and the corresponding statutes. See LSA-Const. Art. VII, § 18; LSA-R.S. 47:2331; LSA-R.S. 47:1957(B). It is manifest from a reading of both the Constitution and the statutes that, if complied with, uniformity as is envisioned will result. Plaintiff seeks, therefore, compliance with this interrelated constitutional and statutory scheme.
An understanding of the interrelated duties and powers of the Office of Tax Assessor vis-a-vis those of the Tax Commission must necessarily precede a resolution of the issues herein involved. The distinction between “appraisal” and “assessment” must be made notwithstanding confusion from both the courts and legislature, where, in some instances, the two terms have been used interchangeably. Importantly, LSA-R.S. 47:2331 uses the terms in a manner which precludes the supposition that they are synonymous.
Tax assessors are mandated by statute to “enumerate and list and assess property.” LSA-R.S. 47:1903. See also LSA-R.S. 47:1957(A) (providing that assessors “shall be responsible, under the supervision of the Tax Commission, for listing and assessing all property ... ”) (emphasis ours). The procedure is initiated by the listing of property by the assessor on assessment forms prepared by the Tax Commission. LSA-R.S. 47:1956. Thereafter the assessor compiles information from which he arrives at an appraisal of the fair *722 market value[1] of the property.[2] LSA-Const. Art. VII, § 18(D). See generally, LSA-R.S. 47:1957. The Louisiana Constitution provides that the assessor shall determine the fair market value pursuant to criteria uniform throughout the state. LSA-Const. Art. VII, § 18. The Tax Commission is responsible for publishing and revising certain standards to be followed by the assessor. See LSA-R.S. 47:1837(D).[3]
The assessment is derived from the application of the appropriate percentage to the appraised (i.e., fair market)[4] value. LSA-R.S. 47:1957(B). Appraisals and assessments, therefore, are two very distinct concepts.[5]
The assessment rolls are prepared from the assessment lists. LSA-R.S. 47:1993(A). The depositing of these rolls in the parish records constitutes prima facie evidence that the assessment has been made and completed lawfully.[6] LSA-R.S. 47:1993(F). The Tax Commission, however, must approve the rolls and may instruct the tax collector not to receive the rolls or collect the assessments ’ thereon. LSA-R.S. 47:1993(C). Additionally, the Tax Commission may change or correct assessments to make them conform to the “true and correct valuation” before or after the assessment roll has been delivered to the collector, provided that the taxes levied have not been paid. LSA-R.S. 47:1990. The assessor is to make a valuation pursuant to uniform criteria, and the Tax Commission is empowered to adopt “guidelines, procedures and rules and regulations” to implement such criteria. LSA-R.S. 47:2323(A). The Tax Commission is to measure the degree of uniformity of the assessments (or appraisals) and is mandated to order reappraisal for the following year upon a finding of a deviation in excess of more than ten percent. LSA-R.S. 47:1837(B). The Tax Commission is to approve the assessments for the current year, but if the deviation persists the following year, the Tax Commission is mandated not to certify the rolls. Id. Most pertinent to the case at bar, the Tax Commission is the entity empowered to “administer and enforce all laws related to state supervision of local property tax assessments....” LSA-R.S. 47:1837(A).
The statute plaintiffs seek to enforce, LSA-R.S. 47:2331, is without doubt a law related to state supervision of local property assessments. The constitutional and statutory provisions requiring the application of fair market value, uniform criteria for determining fair market value, and the application of uniform percentages upon the same classification of property, are, as well, laws relating to state supervision of local property assessments.
Plaintiff cites us an excerpt from LSA-R.S. 47:1903 which prescribes, in general terms, the duties of the office of tax assessor. The statutes discussed hereinabove more particularly set forth those duties as they relate to the supervisory rule of the Tax Commission. In addition, plaintiff cites Dow Chemical Co. v. Pitre, 468 So.2d *723 747 (La.App. 1st Cir.1985), for its broad language that the assessor is under a constitutional mandate to determine fair market value and make assessments.[7]
The facts of Dow Chemical involve a taxpayer’s appeal of an assessment and the attempt by the taxpayer to introduce evidence (an independent appraisal) to the Tax Commission which was based on records the taxpayer withheld from the assessor. The court concluded:
Under the facts of this case, we must conclude that the trial court was correct in holding that the Tax Commission erred in employing Dow’s independent appraisal to modify the assessor’s assessment. While it is true that the Tax Commission should receive all probative evidence to aid it in its function, that function is specifically designated by the constitution to be one of review, as opposed to assessment.
The constitution provides that assessments are to be made by the assessor. It is apparent to this court that Dow was attempting to circumvent the constitutional framework by withholding information from the assessor in an effort to have the Tax Commission make the actual assessment. Apparently, Dow felt that it would be strategically advantageous to have its assessment made by the Tax Commission, due to Dow’s deteriorating relationship with the assessor. However, the Tax Commission may not usurp the constitutional authority of an assessor by utilizing factual data which was available to the taxpayer, yet withheld from the assessor. This is not to say, however, that the Tax Commission cannot review and correct an erroneous assessment.
Dow Chemical, 468 So.2d at 754.
The facts of Dow Chemical are wholly inapposite to those at bar. The Tax Commission, in those circumstances, was indeed acting in its capacity as a reviewing body. That clearly is not its only function. See, e.g., LSA-R.S. 47:1837 (providing that the Tax Commission shall “administer and enforce all laws related to the state supervision of local property tax assess-ments....”); LSA-R.S. 47:1957 (providing that the Tax Commission may “reprimand or even institute removal proceedings against a tax assessor who is ‘willfully negligent or unfair in the assessment of property, or in omitting it from the rolls’ ”).
Plaintiff asserts that LSA-R.S. 47:2331 is directed to the tax assessors in light of the language of Dow Chemical that the function of the assessor is to make assessments. LSA-R.S. 47:2331 requires not simply reassessment, but reappraisal, and reassessment based thereon. Appraisal necessarily precedes assessment. Appraisal, is the determination of the property’s value which, by constitutional and statutory mandate, must be fair market value. As discussed previously, the Tax Commission may change or correct an assessment to make it conform to the “true and correct valuation” before or after the assessment roll has been delivered to the collector. LSA-R.S. 47:1990. In addition, the Tax Commission provides the “guidelines, procedures and rules and regulations” to implement a uniform criteria for determining fair market value. LSA-R.S. 47:2323(A). While the tax assessor could be ordered to comply with LSA-R.S. 47:2331, the Tax Commission has authority to change the *724 assessor’s valuation. Moreover, the Tax Commission is empowered to enforce LSA-R.S. 47:2331. See LSA-R.S. 47:1837(A).
The relief plaintiff seeks, therefore, cannot be obtained from a writ of mandamus to the tax assessor of East Baton Rouge Parish. Accordingly, the judgment of the trial court is affirmed at plaintiffs costs.
AFFIRMED.

. Fair market value is defined in LSA-R.S. 47:2321.

. The assessor is empowered to inspect books and accounts and question persons under oath in arriving at his appraisal, see LSA-R.S. 47:1957(C), as is the Tax Commission. See LSA-R.S. 47:1837(B).

. Other criteria are prescribed by statute. See LSA-R.S. 47:1958, 47:1961.1, 47:1961.2, 47:1962-47:71, and 47:1977.

. Because it is inapplicable to the facts at bar, we have omitted reference to "use value,” which is used in lieu of fair market value for certain unimproved property. See LSA-Const. Art. VII, § 18(C); LSA-R.S. 47:2303 and 47:2307.

. The percentage is uniform statewide depending upon the classification of the property. See LSA-Const. Art. VII, § 18(B). Uniformity of appraisals therefore ensures uniformity of assessments. See, e.g., LSA-R.S. 47:1837(B) (providing that the Tax Commission may measure either to determine uniformity).

. LSA-R.S. 47:1993(F) provides, in fact, that upon the depositing of the rolls in the office where the parish records are kept, any suit testing the correctness of a taxpayer’s assessment is limited only to that assessment and cannot affect any assessment not therein at issue.

. Bussie v. Long, 257 La. 623, 243 So.2d 776 (1971), appeal after remand, 286 So.2d 689 (La.App. 1st Cir.1973), writ denied, 288 So.2d 354 (1974), was cited and argued to this court at length with respect to a taxpayer’s right of action to bring a mandamus suit to compel performance of a ministerial duty by a public officer. Bussie was brought against the Tax Commission to compel performance of its duty to ensure uniform taxation at actual cash value under LSA-Const. art. X, § 12 (repealed 1972) and the corresponding statutory scheme, LSA-R.S. 47:1951 through 2000 (some of which have since been repealed, others of which have been amended substantially, see e.g., Acts 1976 Ex. Sess., No. 13, § 1; Acts 1976, No. 703, § 2; Acts 1977, No. 125, § 1; Acts 1977, No. 384, § 1; Acts 1978, No. 613, § 1). See Bussie, 286 So.2d at 696. We need not address the issues raised by Bussie regarding plaintiffs right of action because the current statutory division of duties between the Office of Assessor and the Tax Commission, as discussed hereinabove and hereinafter, require that plaintiffs cause of action, if there be one, be against the latter.