Victor BUSSIE, and his wife, Gertrude Foley Bussie, et al., Appellants,

v.

Mrs. Blanche Revere LONG et al., Appellees.

No. 23944.

United States Court of Appeals Fifth Circuit.

Aug. 22, 1967.

---

1. GELVIN and McGAVACK, OBESITY: ITS CAUSE, CLASSIFICATION and CARE 42–47 (Hoeber-Harper, New York, N.Y.1957).

Ralph N. Jackson, New Orleans, La., for appellants.

Jack P. F. Gremillion, Atty. Gen., Thomas W. McFerrin, Asst. Atty. Gen., Baton Rouge, La., Carroll Buck, First Asst. Atty. Gen., for appellees.

Before BROWN, Chief Judge, MOORE,* and BELL, Circuit Judges.

* Of the Second Circuit, sitting by designation.

768

GRIFFIN B. BELL, Circuit Judge:

This is a class action brought by appellants, two Louisiana taxpayers and their wives, against defendants-appellees in their capacity as members of the Louisiana Tax Commission. The alleged nonfeasance on the part of defendants in failing to comply with their Louisiana constitutional and statutory duty to establish the actual cash values of all property in Louisiana for the purpose of ad valorem tax assessments, and to equalize assessments by fixing the percentage of the actual cash valuation upon which state ad valorem taxes are to be paid.[1] Appellants sought a hearing before a three-judge district court under 28 U.S. C.A. §§ 2281, 2284, and a mandatory injunction requiring the defendants to perform these constitutional and statutory duties.

Federal jurisdiction was asserted under 42 U.S.C.A. § 1983 and 28 U.S.C.A. § 1343 on the basis that the defendants were depriving appellants of their rights under the equal protection and due process clauses of the Fourteenth Amendment. The complaint contained no allegation that any specific monetary sum was involved nor was there any other suggestion of jurisdictional amount. The complaint did allege that the appellants had no plain, speedy and efficient remedy in the courts of Louisiana or under the law of Louisiana with respect to the claimed rights.

The district court declined to cause a three-judge district court to be convened. The complaint was then dismissed on the ground that the cause of action alleged was not one for civil rights within the scope of 42 U.S.C.A. § 1983 and 28 U.S. C.A. § 1343, and that although a federal question was alleged under 28 U.S.C.A. § 1331, no jurisdictional amount was set out and the court was thus without jurisdiction. The complaint was also dismissed on the further ground that the

court lacked subject matter jurisdiction in view of 28 U.S.C.A. § 1341. This conclusion rested on the court's holding that appellants were afforded a plain, speedy and efficient remedy in the courts of Louisiana.[2] We affirm.

█ We consider first whether the district judge should have caused a three-judge court to be convened and answer in the negative. In Idlewild Bon Voyage Liquor Corporation v. Epstein, 1962, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794, the court said:

"* * * When an application for a statutory three-judge court is addressed to a district court, the court's inquiry is appropriately limited to determining whether the constitutional question raised is substantial, whether the complaint at least formally alleges a basis for equitable relief, and whether the case presented otherwise comes within the requirements of the three-judge statute. * * *"

In California Water Service Company v. City of Redding, 1938, 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323, the court said, in reference to whether a three-judge district court should be convened, that it is the duty of the district judge to scrutinize the complaint to ascertain whether a substantial federal question is presented; otherwise the three-judge court provision is inapplicable.

The district judge followed these teachings in this case. The complaint alerted him to three possible weaknesses. First, no jurisdictional amount was alleged; second, the possible applicability of the limitation imposed on the court by 28 U.S.C.A. § 1341, supra; and third, the Supreme Court decisions on the propriety of three-judge court action in the tax assessment field. These decisions alone foreclosed appellant's request for a three-judge court. In Ex parte Williams, 1928, 277 U.S. 267, 48 S.Ct. 523, 72 L.Ed. 877,

1. Art. X, § 12, Const. of La., and La.R.S. 47:1957, 1988, 1989.

2. Title 28 U.S.C.A. § 1341:
   "The District Courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

the court pointed out that a three-judge district court is not required where a tax assessment is challenged as distinguished from a statute or an order of an administrative board or commission. In Ex parte Bransford, 1940, 310 U.S. 354, 60 S.Ct. 947, 84 L.Ed. 1249, the court held that a three-judge district court was not required in a suit challenging the validity of property assessments. The validity of the taxing statute was not involved but only discriminatory assessments caused by the wrongful acts of officials under the statute. The wrongful acts did not occur by virtue of the requirement of the statute itself. See also Phillips v. United States, 1941, 312 U.S. 246, 61 S.Ct. 480, 85 L.Ed. 800. It is thus clear that three-judge consideration was not indicated even aside from the jurisdictional problems.

■ We next consider the failure to allege the jurisdictional amount. No jurisdictional amount is necessary if a complaint states a cause of action for deprivation of civil rights under 42 U.S.C. A. § 1983. The court then has jurisdiction under 28 U.S.C.A. § 1343. It seems to be settled, however, that a complaint seeking to enjoin the collection of taxes is not a suit within the purview of 42 U.S. C.A. § 1983 since only a property or monetary right is involved. Justice Stone explained the difference in Hague v. Committee for Industrial Organization, 1939, 307 U.S. 496, at pp. 529–532, 59 S.Ct. 954, at pp. 970–971, 83 L.Ed. 1423, at pp. 1444–1445. He treated 28 U.S.C.A. § 1343 as conferring federal jurisdiction, without regard to jurisdictional amount, in those cases where the right asserted is inherently incapable of pecuniary valuation. Property rights, capable of pecuniary valuation, were left to federal question jurisdiction under 28 U. S.C.A. § 1331. He cited Holt v. Indiana Manufacturing Company, 1900, 176 U.S. 68, 20 S.Ct. 272, 44 L.Ed. 374, in support of his view. Plaintiff there sought to enjoin the assessment of taxes by Indiana on patents or patent rights. The court ordered dismissal for want of the jurisdictional amount. The court pointed out that the complaint fell under federal question jurisdiction rather than civil rights jurisdiction. The court had an opportunity to reject or affirm this view in Abernathy v. Carpenter, W.D.Mo., 1962, 208 F.Supp. 793. It adhered to its view by affirming. 373 U.S. 241, 83 S.Ct. 1295, 10 L.Ed.2d 409 (1963). The district judge correctly concluded that this was not a civil rights complaint. Cf. Olan Mills, Inc. of Tennessee v. Opelika, Alabama, M.D.Ala., 1962, 207 F.Supp. 332.

In connection with this holding it must be noted that we have concluded in recent cases involving property rights that jurisdiction existed under the civil rights statutes, 42 U.S.C.A. § 1983, 28 U.S.C.A. § 1343. See Hornsby v. Allen, 5 Cir., 1964, 326 F.2d 605, rehearing denied, 330 F.2d 55, and its progeny (arbitrary denial of city liquor license); and Mansell v. Saunders, 5 Cir., 1967, 372 F.2d 573 (unconstitutional denial of garbage district franchise). The facts in these cases indicate that federal question jurisdiction, including jurisdictional amount, was probably also present. See McGuire v. Sadler, 5 Cir., 1964, 337 F.2d 902, also a property rights case—title to land—as an example of a case where we noted that jurisdiction was present on both the federal question and civil rights statutes. There is admittedly a fine line between these cases and the instant case. However, we do not believe that their holdings can be extended to a cause of action involving tax assessments in view of the aforesaid Supreme Court decisions. See also Wright on Federal Courts, § 32, pp. 92–93, for a discussion of these jurisdictional questions and of Justice Stone's concurring opinion in Hague v. Committee for Industrial Organization, supra.

■ We turn now to the limitation on the court's power under 28 U.S.C.A. § 1341 to grant the injunctive relief sought. In Great Lakes Dredge & Dock Company v. Huffman, 1943, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407 the Supreme Court pointed to the fact that § 1341 was congressional recognition of the practice of federal equity courts to withhold relief

in suits to restrain state officers from collecting taxes where an adequate remedy is afforded the taxpayer under state law. We have repeatedly followed this statute. City of Houston v. Standard-Triumph Motor Company, 5 Cir., 1965, 347 F.2d 194; Henry v. Metropolitan Dade County, 5 Cir., 1964, 329 F.2d 780; Lasker Boiler and Engineering Corporation v. Hamm, 5 Cir., 1964, 328 F.2d 429; and Carson v. City of Ford Lauderdale, 5 Cir., 1961, 293 F.2d 337. Thus the critical issue is, as we said in City of Houston v. Standard-Triumph Motor Company, supra, the adequacy of the state court remedy. The district court concluded that appellants had an adequate remedy in the courts of Louisiana and that they had made no effort to enforce their grievances there.

The Louisiana Constitution, Art. X, § 1, provides that all taxpayers shall have the right to test the correctness of their assessments before the courts. We have already pointed to the requirement that all real property in Louisiana be assessed at actual cash value and that it be assessed uniformly. Art. X, § 12, and La.R.S. 47:1988, 1989, supra. La.R.S. 47:-1957 requires the Tax Commission to assess all property in Louisiana. La.R.S. 47:1990 vests power in the Tax Commission to change or correct assessments in order to make the assessments conform to the correct valuation of the property. La.R.S. 47:1992 makes provision for the taxpayer to object to the assessment of property and also provides for administrative review. If the taxpayer is dissatisfied with the decision on review, he may obtain judicial review under La.R.S. 47:1998, 1999 or 2000. La.R.S. 47:2110 provides for suit to recover taxes paid under protest. The Louisiana Supreme Court in Dixon v. Flournoy, 1965, 247 La. 1067, 176 So.2d 138, pointed in detail to the remedies available to appellants in the Louisiana courts and we agree with the district court that they appear to be plain, speedy and efficient within the contemplation of 28 U.S.C.A. § 1341.

Appellants argue that the Louisiana remedy is not adequate for the reason that relief is afforded to individual taxpayers only as distinguished from relief to all taxpayers in the state in one federal suit through a mandatory injunction against the Tax Commission. It is said to be inadequate because a suit against an assessor to recover taxes under La.R.S. 47:2110 will not force the Tax Commission to do its duty, and that a suit to have their assessments reduced under La.R.S. 47:1998 and 1999 will only indirectly force the equalization of assessments. They point out that a mandatory injunction is not available as a remedy under Louisiana law and that a mandamus proceeding against the Tax Commission would be unsuccessful for various reasons. But the court in Dixon v. Flournoy, supra, dealt with the very problem which is the bone of contention here. The taxpayers lost these because they had failed to comply with procedural requirements plainly stated in the statutes but the court was at pains to explain their remedy to them.

Affirmed.