Joyce **CARTER** et al., Appellants,

v.

**COUNTY BOARD OF EDUCATION OF RICHMOND COUNTY, GEORGIA** et al., Appellees.

No. 24080.

United States Court of Appeals Fifth Circuit.

April 22, 1968.

John H. Ruffin, Jr., Augusta, Ga., Charles Morgan, Jr., Atlanta, Ga., for appellants; M. Laughlin McDonald, Atlanta, Ga., of counsel.

Franklin H. Pierce, County Atty., Augusta, Ga., Alfred L. Evans, Jr., Asst. Atty. Gen., Arthur K. Bolton, Atty. Gen., Harold N. Hill, Jr., Asst. Atty. Gen., Atlanta, Ga., for appellees.

Before TUTTLE, BELL and SIMPSON, Circuit Judges.

PER CURIAM:

This is a class action brought by appellants, parents of Richmond County school pupils, against defendants-appellees, the County Board of Education of Richmond County, Georgia, members of the Board, the Superintendent of the Richmond County schools, the State Board of Education of Georgia, members of the State Board and the State Superintendent of Schools. The complaint alleged that the defendants have engaged in the unconstitutional practice of charging "fees" to the plaintiffs; such "fees" being used for the purpose of providing various instructional materials for the school children of the parents. The amounts of the "fees" were $3.00 per year for elementary pupils, $6.00 per year for junior high pupils, and $8.00 per year for senior high school pupils. Attached to the answer of the defendants as Exhibit "A" is a resolution of the Richmond County Board of Education providing that participation in the school purchase plan is voluntary. The students could purchase their supplies elsewhere if they so desired.

The complaint further alleges that the "fees" charged by the defendants constitute an illegal tax, "repugnant to and violative of the due process of law and the equal protection of the laws clauses of the Fourteenth Amendment to the Constitution of the United States in that said 'fees' amount to a tax which is assessed only upon the parents and/or guardians who have children enrolled in the public or common schools of Richmond County, Georgia."

The complaint contained no allegation that any specific monetary sum was involved nor was there any other suggestion of jurisdictional amount. The complaint sought temporary and permanent injunctions and invoked the jurisdiction of the district court under the provisions of Title 28 U.S.C. Section 1343(3),[1] this being a suit in equity authorized by Title 42, U.S.C. Section 1983.[2]

The plaintiffs also sought determination by a three-judge court pursuant to Title 28, U.S.C. Section 2281.[3]

The district court refused to convene a three-judge court, and dismissed the complaint on the ground that the court lacked jurisdiction over the subject matter.

Before filing the present suit the plaintiff, Joyce Carter, sought relief in the Georgia courts.[4] The Georgia Supreme Court refused to grant the requested relief on the ground that the plaintiff

1. "§ 1343. Civil rights and elective franchise

The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
* * * * *
(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States."

2. "§ 1983. Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. R.S. § 1979."

3. "§ 2281. Injunction against enforcement of State statute; three-judge court required

An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute or of an order made by an administrative board or commission acting under State statutes, shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title. June 24, 1948, c. 646, 62 Stat. 968."

4. Carter v. Board of Education of Richmond County, 1966, 221 Ga. 775, 147 S. E.2d 315.

had failed to exhaust her statutory,[5] administrative remedy. An appeal to the State Board of Education has never been taken.

The issues now presented are: (1) whether the district judge correctly refused to convene a three-judge court under Title 28, U.S.C. § 2281, and (2) whether the appellees' motion to dismiss on the ground that the court lacked jurisdiction over the subject matter was properly granted.

We affirm on both issues for the reasons fully set forth in this Court's opinion in Bussie v. Long, 5 Cir. 1967, 383 F.2d 766, and cases therein cited. See also: Gray v. Morgan, 7 Cir. 1966, 371 F.2d 172, 174–175; and Henry v. Metropolitan Dade County, 5 Cir. 1964, 329 F.2d 780.

Affirmed.

5. Georgia Code § 32–910 provides: "The county * * * board of education shall constitute a tribunal for hearing and determining any matter of local controversy in reference to the construction or administration of the school law * * * and when such board has made a decision, it shall be binding on the parties: *Provided however, either party shall have the right to appeal to the State Board of Education.*" (Emphasis added)