Howard J. McCORMICK and Alfreinday McCormick, Plaintiffs,

v.

The FIRST NATIONAL BANK OF MIAMI and Biscayne Dodge, Inc., Defendants.

No. 70-1785-Civ.

United States District Court, S. D. Florida.

Feb. 5, 1971.

B. R. Patterson, Belle Glade, Fla., for plaintiffs.

McCarthy, Steel, Hector & Davis, Miami, Fla., for defendant, First Nat. Bank of Miami.

High, Stack, Davis & Lazenby, Miami, Fla., for defendant Biscayne Dodge, Inc.

ORDER OF DISMISSAL

MEHRTENS, District Judge.

This cause came before this Court pursuant to motions of the defendant, The First National Bank of Miami, to

dismiss the Complaint, and to strike those portions of the Complaint which refer to the cause as a class action. The defendant, Biscayne Dodge, Inc., joined in and adopted these motions. The Court has considered the arguments of the parties and the Memoranda filed in support of their respective positions, and being otherwise advised, has determined that this cause should be dismissed for the reasons set forth below.

This cause arises out of the repossession by the defendant, The First National Bank of Miami, of an automobile the plaintiffs had purchased from the defendant, Biscayne Dodge, Inc., and financed by a written agreement entitled Security Agreement—Retain Title Contract, which Biscayne Dodge assigned to the Bank.

In their Complaint, plaintiffs allege that the Bank "believed that the plaintiffs were in default in their payments under the contract" and, without notice to the plaintiffs, had the automobile repossessed. An agent of the Bank repossessed the automobile peacefully at a time when the plaintiff, Howard J. McCormick, was at work.

Thereafter the Bank notified the plaintiffs that the automobile would be sold if they did not redeem it by paying off the balance of the indebtedness. The Bank sold the automobile and is suing the plaintiffs for a deficiency.

Plaintiffs now seek the jurisdiction of this Court alleging that a cause of action arises under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States. They claim that an automobile is a specialized type of property and that by repossessing it without first offering them an opportunity to be heard, the Bank took their property without due process under the color of Florida Statute 679.9–503, F.S.A. (Section 9–503 of the Uniform Commercial Code).

They further allege violations of search and seizure and equal protection provisions of the Constitution and seek injunctive relief. They have styled this cause as a class action and have requested that a three-judge court hear the case.

The plaintiffs have alleged that this Court has jurisdiction of this cause under 28 U.S.Code §§ 1343(3) and (4), 2201, 2281 and 2284. Section 1343 is the portion of the U.S.Code which gives the United States District Courts original jurisdiction of actions which can generally be described as civil rights actions.

It is clear that § 1343(4) is inapplicable in this case as it pertains to actions based on Acts of Congress providing for the protection of civil rights including the right to vote. Plaintiffs have grounded their action on Title 42, U.S. Code § 1983 and thus the precise jurisdictional statute is Title 28, § 1343(3). The Court finds that § 1343(3) does not give it jurisdiction to consider this cause for two fundamental reasons, either of which standing alone would be sufficient grounds for dismissal.

■ First, as stated, this case concerns the repossession of an automobile. An automobile is no more than a piece of property and § 1343(3) does not confer jurisdiction on this Court for alleged deprivation of property rights. As set forth in Gray v. Morgan, 371 F.2d 172 (7th Cir. 1956) at 175:

"* * * it is quite clear that the courts have generally treated this statute (§ 1343(3)) as applicable to personal liberty rather than a property or monetary claim."

See also Eisen v. Eastman, 421 F.2d 560 (2nd Cir. 1969); Bussie v. Long, 383 F.2d 766 (5th Cir. 1967); Carter v. County Board of Education of Richmond County, Georgia, 393 F.2d 487 (5th Cir. 1968); and most recently, Judge Brown's opinion in Hall v. Garson, 430 F.2d 430 (5th Cir. 1970).

In the *Bussie* case, Judge Bell relied on Justice Stone's opinion in Hague v. CIO, 307 U.S. 496, 83 L.Ed. 1423, 59 S. Ct. 954 (1938) in stating that 28 U.S.C. A. § 1343 confers federal jurisdiction without regard to jurisdictional amount

in those cases where the right asserted is inherently incapable of pecuniary valuation. The *Bussie* case recognizes that an earlier Fifth Circuit case, McGuire v. Sadler, 337 F.2d 902 (5th Cir. 1964) apparently supports the proposition that property rights can be litigated under § 1343 but *Bussie* distinguishes *McGuire* because the court in that case also had jurisdiction under the federal question status (Title 28 U.S.C. § 1331). The *Carter* case is a per curiam affirmation of dismissal by a District Judge for lack of jurisdiction under § 1343 as plaintiffs had alleged the deprivation of property rights. The opinion cited *Gray*, supra, and *Bussie* as the sole authority for this dismissal.

In Hall v. Garson, Judge Brown recognizes the property rights exception to § 1343, and, although he indicates doubts concerning the doctrine, he does not choose to discredit it. Finally, the Court notes two very recent Connecticut District Court cases which directly support the conclusion that jurisdiction under § 1343(3) cannot be supported in the absence of an alleged infringement of the right of personal liberty. See Johnson v. Harder, 318 F.Supp. 1274 (D.C.1970); and Lynch v. Household Finance Corporation, 318 F.Supp. 1111 (D.C.1970), the latter case being a three-judge court decision.

The second ground upon which the Court concludes that the action should be dismissed for lack of jurisdiction is the well-established principle that jurisdiction based on 42 U.S.C. § 1983 and its companion 28 U.S.C. § 1343 must arise from a situation where the action complained of was taken under color of state law. The definition of the phrase "under color of state law" is found in United States v. Classic, 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941);

> "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law."

This statement was most recently endorsed in this circuit in Hall v. Garson supra, 430 F.2d at page 439.

In this case it is apparent from the pleadings that the plaintiffs' automobile was not repossessed "under color of state law" as alleged. Exhibit "A" to the Complaint is the written contract between the plaintiffs and defendants in this cause. It states that the secured party may exercise all of his rights under the Uniform Commercial Code upon default of the buyer. As a portion of the contract signed by the plaintiffs, this provision was agreed to by them. Reference to the Uniform Commercial Code is simply a matter of incorporating by reference the provisions of the Code into the contract. If the portion of the Code involved did not exist as law in this state, such provision could have been set forth word for word in the contract signed by plaintiffs.

Paragraph 5 of the contract deals with the seller's remedies in the event of a default and sets out even more clearly the Bank's right to repossess the automobile. That paragraph provides that upon default:

> "Buyer agrees to surrender possession of said property on demand and Seller and Seller's agents or employees are authorized to enter into or onto any premises where the property may be located for the purpose of repossessing same."

Thus, repossession was a remedy the Bank had under the contract and in exercising that remedy it was acting independently and not under color of state law.

Having failed to establish that this Court has jurisdiction under Title 28 § 1343, § 2201 alleged as a further basis for jurisdiction is of no value. This is the declaratory judgment statute and it is clear that it does not create jurisdiction but merely adds an additional remedy where the court already has jurisdiction to entertain a suit. Wells v. United States, 280 F.2d 275 (9th Cir. 1960).

In claiming that Section 679.9–503, Florida Statutes, denies them due process and is unconstitutional, plaintiffs rely primarily on the decisions in Sniadach v. Family Finance Corp. of Bay View, 395 U.S. 337, 23 L.Ed.2d 349, 89 S.Ct. 1820 (1969); and Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970).

In holding void a Wisconsin statute allowing prejudgment garnishment of wages, the Court in *Sniadach* emphasized that wages were unique and that tying them up caused unusual hardship, saying:

"We deal here with wages—a specialized type of property presenting distinct problems in our economic system." 395 U.S., p. 340, 89 S.Ct., p. 1822.

The Goldberg v. Kelly case involved the termination of welfare aid without a prior hearing. Holding the procedure unconstitutional, the court, as in *Sniadach*, stressed the economic hardship involved and said that the crucial factor was that "termination of aid pending resolution of a controversy over eligibility may deprive an *eligible* recipient of the very means by which to live while he waits."

This Court recently considered the *Sniadach* and *Kelly* decisions in Fuentes v. Faircloth (Firestone Tire & Rubber Co.), 317 F.Supp. 954 (Three-Judge Federal Panel), where the plaintiff sought to have this Court declare unconstitutional that part of the Florida replevin statute (Section 78.01 et seq., Florida Statutes) providing for replevin without a prior hearing.

In an opinion which is dispositive of the question here, Judge Dyer said:

"In sum, we think that despite *Sniadach* and *Kelly* there are still situations in which prejudgment seizure of goods without a prior hearing is valid, see *Sniadach* [395 U.S.] at 340, [, 89 S.Ct. 1820] and that replevin pursuant to a contract which authorizes a conditional seller to repossess in order to protect his security interest in the

goods which are the subject of the contract is one of those situations."

For other decisions limiting the scope of *Sniadach*, see Brunswick Corp. v. J. & P., Inc., 10 Cir. 1970, 424 F.2d 100; Balthazar v. Mari, Ltd., 301 F.Supp. 103 (N.D.Ill.1969), affirmed 396 U.S. 114, 90 S.Ct. 397, 24 L.Ed.2d 307; Young v. Ridley, 309 F.Supp. 1308 (D.D.C.1970).

Plaintiffs also allege that the Bank violated their Fourth Amendment rights by engaging in a search and seizure of their automobile, acting under the provisions of Section 679.9–503, Florida Statutes. As stated above, the Bank did not proceed on the basis of the statute but on the basis of the contract.

Whether the Bank acted under the contract, or the statute, or both, this Court's opinion in Fuentes v. Faircloth (Firestone Tire & Rubber Co.), supra, is controlling on this point. There, Judge Dyer said:

"We also think the conditional sales contract in the instant case is dispositive of the Fourth Amendment question. We disagree with plaintiff's contention that the broader implications of cases like Camara v. Municipal Court, [of San Francisco] 1967, 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed. 2d 930, and See v. City of Seattle, 1967, 387 U.S. 541, 87 S.Ct. 1737, 18 L.Ed.2d 943 (both holding the Fourth Amendment search and seizure provisions applicable to administrative inspections) vitiate the vitality of Murray's Lessee v. Hoboken Land and Improvement Co., 1856, [18 How 272,] 59 U.S. 272, 285, 15 L.Ed. 372, which said that the Fourth Amendment 'has no reference to civil proceedings for the recovery of debts'. But even assuming *arguendo* that the Fourth Amendment search and seizure provisions would otherwise apply to the issuance of summary civil process to satisfy a debt as contended by plaintiff, the essence of the contract in issue here is that one party may enter the premises of the other (whether by

himself or through an officer who is executing a writ of replevin) in order to repossess property in which he has an interest. It may be that a forcible entry under these circumstances, pursuant to F.S. § 78.10, would not be legal or constitutional. But that is not this case and we do not decide this question.

"This case involves a peaceable entry."

As the Complaint itself indicates, the repossession here was peaceful. There is no allegation of a seizure of plaintiffs' property for use against them in a criminal action. There is no allegation of forcible entry or any language in the Complaint to indicate, assuming there was a search at all, that it was unreasonable. See Wyman v. James, 1971, 400 U.S. 309, 91 S.Ct. 381, 27 L.Ed.2d 408.

Plaintiffs do not support their allegation of denial of equal protection with any authorities that are even factually analogous, and the Court finds the claim is without merit.

■ In conclusion, having found that this action shall be dismissed, the Court deems it unnecessary to pass on the class action aspect of the case. The question of whether plaintiffs' request for a three-judge court pursuant to 28 U.S.C. §§ 2281 and 2284 is appropriate is likewise moot, however the Court notes the well-established doctrine that a three-judge panel is proper only if an action seeks to restrain the action of an officer of the state in enforcement or execution of a state statute. Wilentz v. Sovereign Camp, 306 U.S. 573, 579–580, 59 S.Ct. 709, 83 L.Ed. 994 (1939); Ince v. Rockefeller, 290 F.Supp. 878, 881 (S.D.N.Y.1968); Hinton v. Threet, 280 F.Supp. 831, 835 (M.D.Tenn.1968); and Hall v. Garson, supra, 430 F.2d at 442. This is not the remedy sought in the instant cause.

It is therefore:

Ordered that the Motion To Dismiss filed by the defendant, The First National Bank of Miami, and joined in by the defendant, Biscayne Dodge, Inc., is hereby granted and the Complaint and this cause are hereby dismissed.