Catherine **OLLER,** Individually and on behalf of all other persons similarly situated, Plaintiffs,

v.

**BANK OF AMERICA** et al., Defendants.

No. C–70–2559 SW.

United States District Court,
N. D. California.

Feb. 29, 1972.

**22**

Harry J. Delizonna, Delizonna & Glenn, San Jose, Cal., for plaintiffs.

Robert A. Padway, Theodore Sachsman, and Charles E. Cooper, San Francisco, Cal., for defendants.

## OPINION

SPENCER WILLIAMS, District Judge.

This matter comes before the Court on a motion to dismiss for lack of jurisdiction over the subject matter and for failure to state a claim upon which relief can be granted.

Defendant Bank of America initiated a repossession of plaintiff's automobile under the terms of a conditional sales contract covering the purchase and sale of the subject vehicle. The contract was in the form required by the State of California's Automobile Sales Finance Act (California Civil Code § 2981 et seq.) and as required, specifically stated that: "[I]f you default in the performance of your obligation under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement."

The instrument in question is a conditional sales contract within the meaning of the Automobile Sales Finance Act (Civil Code § 2981(a)), and also comes within the definition of a "secured transaction" as used in the Uniform Commercial Code (California Commercial Code § 9102(2)). The California Commercial Code specifically provides, insofar as secured transactions are concerned, that: "Unless otherwise agreed, a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done without breach of the peace, or may proceed by action." (California Commercial Code § 9503). While the right to repossess is specifically authorized by the above quoted sections, it had long been a commonly accepted contractually-based and judicially-sanctioned practice prior to such statutory authorization (See California Code, Comment to Commercial Code § 9501).

Plaintiff has attacked the authority of the Bank to repossess in a complaint for declaratory relief, claiming jurisdiction under 28 U.S.C. §§ 1331, 1343 and 2201. Essentially, the claim is based on § 1343 (3) which provides that District Courts shall have original jurisdiction of civil actions to redress the deprivation of a right, privilege or immunity secured by the Constitution or any Federal statute providing for equal rights of citizens, when such deprivation is accomplished "under color of any State law." 42 U.S.C. § 1983 is the statute relied upon to give such a claim for relief. It states: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in the action at law, suit in equity, or other proceeding for redress."

In order to establish jurisdiction, therefor, the plaintiff must demonstrate that the action in question was "under color of State law" and also that such action deprives the plaintiff of a right, privilege or immunity secured by the Constitution of the United States.

It is plaintiff's contention that the Bank's repossession under the authority

of the California Commercial Code Sections constitutes an action under color of State law and that such action deprives her of a constitutionally protected right to notice and a chance to be heard prior to the taking of the vehicle. Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969).

The Court is not persuaded that the law supports either contention. Disposal of the first, however, obviates the necessity of reaching the second.

■ The requirement of "State action" can rarely be satisfied when the action is taken by one not a State official. Jobson v. Henne, 355 F.2d 129 (2nd Cir. 1965). While difficult factual situations have compelled some courts to enunciate extensions of this general rule, in every such case brought to the court's attention, either a state official was acting in concert with a private individual, Adickes v. Kress, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1969); Williams v. U. S., 341 U.S. 97, 71 S.Ct. 576, 95 L.Ed. 774 (1950); Shelley v. Kraemer, 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161 or the State law compelled such action, Harrison v. Murphy, 205 F.Supp. 449 (D.Del.1962); Williams v. Hot Shoppes, 110 U.S.App.D.C. 358, 293 F.2d 835 (1961), or the power exercised was purely of statutory as distinguished from common law or contractual origin. DeCarlo v. Horne & Co., 251 F.Supp. 935 (W.D.Pa.1966); Klim v. Jones, 315 F.Supp. 109 (N.D.Cal.1970).

■ No such exceptional factors exist to compel a similar extension of the rule in the instant case. The Bank is not a governmental or even quasi-governmental agency; no government official acts with the Bank in the matter of repossession; the act of repossession is not compelled; the authority to repossess is based on a contractual right which had been judicially approved prior to the adoption of the statutes in question.

What we have here is a private act taken by a private organization to protect its security interest in personal property that is subject to a conditional sales contract. The courts have been almost uniform in refusing to color such transactions as "State actions". See McCormick v. First Nat'l Bank of Miami, 322 F.Supp. 604 (S.D.Fla.1971). It is difficult to imagine any statutory provision that does not, in some way, control human relationships. To say, as plaintiff seems to contend, that all human behavior which conforms to statutory requirements is "State action" or is "under color of State law" would far exceed not only what the framers of the Civil Rights Act ever intended but common sense as well.

The Court's attention has been drawn to the recent decision by the District Court for the Southern District of California wherein the identical questions posited here were resolved in favor of the plaintiff. Adams v. Egley, et al., 338 F.Supp. 614, S.D.Cal., filed February 11, 1972. While this court gives great deference to the carefully considered opinion in that case, it respectfully declines to take a step in the same direction. In particular, the court believes that reliance on Reitman v. Mulkey, 387 U.S. 369, 87 S.Ct. 1627, 18 L.Ed.2d 830 (1966) for resolution of the jurisdictional question is misplaced. *Reitman*, which dealt with racial discrimination in violation of the due process clause, clearly presented a compelling factual situation to which the Civil Rights Acts and their jurisdictional counterparts were designed to apply. The historical, legal and moral considerations fundamental to extending federal jurisdiction to meet racial injustices are simply not present in the instant case.

Accordingly, defendant's motion to dismiss this action for lack of jurisdiction should be and hereby is granted.

So ordered.