**Charles B. KINCH, II**

v.

**CHRYSLER CREDIT CORPORATION.**

**Civ. A. No. 8175.**

United States District Court,
E. D. Tennessee, N. D.

June 20, 1973.

G. Richard Johnson, Guinn, Carter, Myers, Saylor & Johnson, Johnson City,

Tenn., Sidney W. Gilreath, Knoxville, Tenn., for plaintiff.

Harold B. Stone, Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Defendant in this cause has filed with the Court a motion for summary judgment under Rule 56, F.R.Civ.P., basing their motion on the ground that there is no genuine issue as to any material fact and that defendant is entitled to a judgment as a matter of law.

The pleadings and affidavits show the following facts: Plaintiff and a third party entered into a security agreement in August, 1970, whereby a 1970 Dodge pick-up truck became collateral. The security agreement was later assigned to defendant. In June of 1972, defendant, by its agents, repossessed the collateral by driving it away from its parking place in front of plaintiff's home. The defendant, upon giving notice to the plaintiff that he could redeem the vehicle and after giving him notice of the time of sale, sold the collateral. The plaintiff does not deny that he was in default or claim that the defendant's repossession was in breach of the peace.

Plaintiff's claim of federal jurisdiction is based on diversity of citizenship under Title 28 U.S.C. § 1332(c) and upon Title 28 U.S.C. § 1331, and ultimately upon Title 28 U.S.C. § 1343(3), and Title 42 U.S.C. § 1983.

Plaintiff, in essence, asserts that (1) in taking possession of the collateral without notice and without plaintiff's consent, defendant deprived plaintiff of property without due process of law and thus violated certain rights guaranteed by the Constitution of the United States, and (2) in taking the collateral, defendant acted under color of authority of T. C.A. § 47-9-503, which recognizes the right of a secured party to use self-help in repossessing collateral upon default under the security agreement, and that (3) this action was "state action" within

the purview of the Fourteenth Amendment.

■■ Before reaching the issue of whether plaintiff's constitutional rights under the Fourteenth Amendment were violated, the issue of whether there was "state action" must be resolved. It is the opinion of this Court that there was no "state action" involved here nor does T.C.A. § 47–9–503 clothe the defendant with "color of authority" to bring this action within the purview of either the Fourteenth Amendment or Title 42 U.S. C. § 1983.

The plaintiff relies heavily here on the cases of Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), and Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L. Ed.2d 349 (1969). The Court is of the opinion, however, that these cases are not controlling of our case. In both cases cited, state action was not an issue. Sniadach, supra, dealt with pre-judgment garnishment actions which required the invocation of at least an ex parte court hearing before such action could proceed.

Likewise, the issue in Fuentes was whether the strictures of the due process clause of the Fourteenth Amendment required notice and opportunity to be heard "before the State authorizes its agents to seize property. . ." (Fuentes v. Shevin, 407 U.S. 67, 80, 92 S.Ct. 1983, 1994, Mr. Justice Stewart writing for the majority of the Court).

The facts of this case do not present a situation where the creditor, upon unilateral application, has invoked state powers and processes. On the other hand, this case is more closely analogous to Moose Lodge No. 107 v. Irvis, 407 U. S. 163, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972), which treats in depth the requirements for "state action."

The majority of the Court in Moose Lodge, supra, pointed out the recognized dichotomy between "discriminatory action by the State (which is proscribed) . . . and private conduct . . .

against which [there is] . . . no shield." (Moose Lodge, supra, at 172, 92 S.Ct. at 1971).

It was recognized in Moose Lodge, supra, at 173, 92 S.Ct. at 1971, that:

"The Court has never held . . . that discrimination by an otherwise private entity would be violative (of the Fourteenth Amendment) . . . if the private entity receives any sort of benefit or service at all from the State, or if it is subject to state regulation in any degree whatever. Since state-furnished services include such necessities of life as electricity, water, and police and fire protection, such a holding would utterly emasculate the distinction between private as distinguished from state conduct . . ."

Here, as in Moose Lodge, supra, at 175, 92 S.Ct. 1965, there seems to be nothing of a "symbiotic relationship" that would render the private actions of defendant here "state action." See also, Shelley v. Kraemer, 334 U.S. 1, 68 S.Ct. 836, 92 L. Ed. 1161 (1948).

Nor is the Court of the opinion that plaintiff's reliance on Adams v. Egley, 338 F.Supp. 614 (S.D.Cal., 1972), which involved a factual situation almost identical to that at bar, rests on a sound foundation. The Court there decided that, as a matter of law, private repossession pursuant to the terms of a security agreement approved by Cal.Com. Code § 9503, which is identical to T.C.A. § 47–9–503, was executed under color of state law, relying on Reitman v. Mulkey, 387 U.S. 369, 87 S.Ct. 1627, 18 L.Ed.2d 830 (1967). Having cleared that hurdle, the Court declared California Commercial Code § 9503 unconstitutional as violative of the Fourteenth Amendment.

It appears to this Court, however, that Adams, supra, does not represent the sounder view. Defendant herein cites Oller v. Bank of America, 342 F.Supp. 21 (N.D.Cal., 1972), also a case resting upon identical facts as the case at bar. In upholding the constitutionality of the

same California Commercial Code provision, the Court stated:

" . . . The Bank is not a governmental or even quasi-governmental agency; . . . the act of repossession is not compelled; the authority to repossess is based on a contractual right which has been judicially approved prior to the adoption of the statutes in question. [Thus in essence what] we have here is a private act taken by a private organization." 342 F.Supp. 21, 23.

Regarding the reliance in *Adams,* supra, upon *Reitman,* supra, the Court reasoned that *Reitman* must be read in light of its factual background and must be clearly distinguished from the type of case under consideration. With this reasoning, this Court must agree. (See also, McCormick v. First National Bank of Miami, 322 F.Supp. 604 (S.D.Fla., 1971); Colvin v. Avco Financial Services of Ogden, Inc., 12 U.C.C.Rep. 25, D. Utah, January 4, 1973, citing *Oller* with approval).

We conclude that defendant did not act under color of state law for the purposes of invoking Title 42 U.S.C. § 1983, nor was there "state action" within the meaning of the Fourteenth Amendment. Therefore, no jurisdiction exists under § 1983 nor under Title 28 U.S.C. §§ 1331, 1343.

■ The only matter remaining for the Court's determination is whether, upon dismissal of the plaintiff's federal question claim, the Court retains jurisdiction to hear plaintiff's diversity of citizenship claim. We are of the opinion that upon dismissal of plaintiff's federal question the remaining damages are insufficient to support the jurisdictional amount required under Title 28 U.S.C. § 1332. It appears from the record that the total amount financed by the defendant, or its predecessor in title, is $2,967.-12. It is further gathered from plaintiff's complaint, if taken as true, that the only other amount expended by him was some $400.00 which was used for the purpose of purchasing a substitute vehicle. Regarding plaintiff's claim as to loss of earnings, it is this Court's opinion that such is highly speculative and should bear little on its determination of jurisdictional amount.

■ It should further be noted that plaintiff has failed to allege the principal place of business of the defendant as required under Title 28 U.S.C. § 1332(c). However, since plaintiff could amend his complaint to cure this defect, the issue presented thereby is not determinative.

■ It is the opinion of this Court that the defendant is entitled to a summary judgment regarding plaintiff's federal question claim. Further, plaintiff's remaining claim resting upon diversity of citizenship should be dismissed for want of jurisdictional amount and therewith, the defendant's counterclaim must also fall. (See, Healy v. Ratta, 292 U.S. 263, 54 S.Ct. 700, 78 L.Ed. 1248 (1939); St. Paul Mercury Indemnity Co. v. Red Cab Company, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938); Sturgeon v. Great Lakes Steel Corp., 143 F.2d 819 (C.A. 6, 1944); see also, Brooks v. American International Pictures, Civil Action No. 7557, an opinion by this Court, September 9, 1971).

Accordingly, it is ordered that defendant's motion for summary judgment be, and the same hereby is, granted. It follows that plaintiff's diversity claim must be dismissed, without prejudice. Also, defendant's counterclaim must be, and the same hereby is, dismissed without prejudice.