tion, United States ex rel. Hancock v. Pate, 223 F.Supp. 202 (N.D.Ill.1963).

■ The instances related by the plaintiff do not constitute cruel and unusual punishment by the defendant. Examples of cases supporting this position on claims similar to some of those advanced are: Church v. Hegstrom, 416 F.2d 449 (2d Cir. 1969), (inadequate medical care); Argentine v. McGinnis, 311 F.Supp. 134 (S.D.N.Y.1969), (censoring of mail, inadequate medical care); Ford v. Board of Managers of New Jersey State Prison, 407 F.2d 937 (3rd Cir. 1969), (unclean jail and poor hygenic conditions); Novak v. Beto, 453 F.2d 661 (5th Cir. 1971), (poor meals and inadequate lighting); Adams v. Pate, 445 F.2d 105 (7th Cir. 1971), (poor conditions surrounding toilet and wash basin drinking facility); Puckett v. Cox, 456 F.2d 233 (6th Cir. 1972); and Parker v. McKeithen, 330 F.Supp. 435 (E.D.La.1971), (incarceration with the violently insane).

Collectively, the conditions set forth in the complaint, while unpleasant, do not rise to such a level as to "shock the general conscience or to be intolerable in fundamental fairness", Carey v. Settle, 351 F.2d 483, 485 (8th Cir. 1965). The plaintiff was not subjected to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments by his incarceration in the Carter County Jail.

■ Plaintiff further contends that he confessed guilt to the crime of driving while intoxicated, fourth offense, on the suggestion of the defendant that doing so was the way to escape the conditions prevailing at the Carter County Jail. A confession may be coerced by the conditions of incarceration, and the use of one so obtained would necessitate the reversal of a conviction, Brooks v. Florida, 389 U.S. 413, 88 S.Ct. 541, 19 L.Ed.2d 643 (1967). The rights invaded by the coerced confession would be the right to a fair trial,

". . . the absence of an invasion of a constitutionally secured right in-

dependent of the determination of whether or not the plaintiff has had a fair trial leads to the conclusion that his remedy is not detachable from the trial and assertible as a civil cause of action seeking money damages." Mayberry v. Maroney, 337 F.Supp. 601, 603–604 (W.D.Pa.1971) (vacated on other grounds).

The allowance of damages in this instance under 42 U.S.C.A. § 1983 would be attacking a presumptively invalid state conviction, and, in effect, circumvent the recognized doctrine of comity which allows the state courts to test the validity of a conviction before the federal courts. Moore v. Frazier, 316 F.Supp. 318 (D.Neb.1970). As a result, an application for relief "for alleged civil rights violations incurred in state criminal proceedings, thereby skirting the requirements of the federal habeas corpus statutes, is improper." Martin v. Roach, 280 F.Supp. 480 (S.D.N.Y.1968).

**Grant BAKER and Clinton Grady, Individually and on behalf of all others the same or similarly situated, Plaintiffs,**

**v.**

**R. Frank KEEBLE, Individually, and Town Finance Corporation, a corporation, Defendants.**

**Civ. A. No. 998–E.**

United States District Court, M. D. Alabama, E. D.

Aug. 9, 1973.

Cleveland Thornton, Gray, Seay & Langford, Tuskegee, Ala., Clellon K. Baeder, Auburn, Ala., for plaintiffs.

W. F. Horsley, Samford, Torbert, Denson & Horsley, Opelika, Ala., Frank M. Gleason, Rossville, Ga., for Town Finance Corp.

Phillip H. Butler, Hill, Robison, Belser, Brewer & Phelps, Montgomery, Ala., for R. Frank Keeble.

## ORDER

VARNER, District Judge.

This cause is submitted for final judgment on the complaint, answer, exhibits, stipulations and briefs in the record.

Plaintiff, Clinton Grady, financed the purchase of an automobile with the Defendant, Town Finance Corporation. Mr. Grady signed a form contract which contained a security agreement and Plaintiff, Essie Lee Grady (Felton) was a co-maker, listing her furniture as additional security. The evidence shows that the car was actually used, purchased and partially paid for by Plaintiff, Grant Baker, and that Grady and Felton merely assisted Baker in obtaining the necessary financing. The Defendant, R. Frank Keeble, allegedly was the agent of Town Finance Corporation. The Plaintiffs fell behind in their payments, and the car was repossessed by Town Finance Corporation, said repossession being authorized by the security agreement.

The claims for relief are based on several theories of law: (1) That Code of Alabama, Title 7A, §§ 9–503 and 9–504 are unconstitutional on their face; (2) that the security agreement is unconstitutional; (3) fraud in the procurement of the agreement; and (4) that the agreement is usurious.[1]

Although the complaint contains several causes of action, it appears that the parties have concentrated most, if not all, of their time on the constitutional issue surrounding § 9–503. The briefs and evidence are aimed toward this issue, with apparently little regard for the other issues. Therefore, the Court at this time addresses itself only to the constitutional issue of §§ 9–503 and 9–504.

The Plaintiffs have brought a § 1983 class action seeking to enjoin the enforcement of Alabama's "self-help" repossession statute, Code of Alabama, Title 7A, §§ 9–503 and 9–504. This suit can be broken into two distinct issues: (1) Does private repossession under the auspices of § 9–503 constitute action under "color of state law" giving rise to §

---

1. The latter three theories relate to causes cognizable under the state law. Federal jurisdiction, if any, must rise or fall on the constitutional issue. Jurisdictional amount for diversity jurisdiction is obviously lacking. Jurisdiction is alleged only on the basis of 28 U.S.C. §§ 1343(3), (4) and 1332.

1983 federal jurisdiction; and (2) if "state action" is present, does the remedy endorsed by § 9–503 violate due process? A negative answer to the first question obviates the necessity of answering the second.

Upon consideration of this cause, this Court is of the opinion that the arguments against state action are compelling and that this case should be dismissed for lack of jurisdiction. Of the existing district court decisions involving attacks on the constitutionality of § 9–503, four reached the conclusion that Plaintiffs failed to establish § 1983 federal jurisdiction because the repossessing creditors were not acting under "color of state law". Kirksey v. Theilig, 351 F.Supp. 727 (D.C.Colo.1972); Greene v. The First National Exchange Bank of Virginia, 348 F.Supp. 672 (W.D. Va.1972); Oller v. Bank of America, 342 F.Supp. 21 (N.D.Cal.1972); McCormick v. First National Bank of Miami, 322 F.Supp. 604 (S.D.Fla.1971). Adams v. Egley, 338 F.Supp. 614 (S.D. Cal.1972), and Michel v. Rex-Noreco, Civil Action 6729 (D.C.Vt.1972), are the lone exceptions. Apparently, the question was not raised in James v. Pennix, (S.D.Miss.1973) Civ.No. 72 J–250–N, wherein the court held a Mississippi statute unconstitutional under the particular circumstances.

As a general rule, action by a nonstate official fulfills the requirement of "state action" in only three circumstances: (1) Where a state official is acting in concert with a private individual;[2] (2) where the state compels such action; and (3) where the state law creates a power which has no common law or contractual origin.[3] None of the above three exceptions includes "self-help" repossession. See Oller v. Bank of America, supra.

Plaintiffs urge this Court to extend the *Reitman* theory of state action to repossessions under § 9–503. However, several factors militate against such an extension of the *Reitman* theory. The *Reitman* case dealt with racial discrimination and an attempt to circumvent pre-existing law. This is not the situation in the case sub judice. The statute under attack does not invoke racial discrimination nor does the statute change the pre-existing law. Self-help repossession has long been recognized as a valid private remedy, and § 9–503 merely codified pre-existing law. The Plaintiffs' theory of state action would subject most private conduct to Fourteenth Amendment standards. See Kirksey v. Theilig, supra.

Furthermore, the trend of recent Supreme Court decisions has been to restrict the "state action" concept rather than to expand said concept. See Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 92 S.Ct. 1965, 32 L.Ed.2d 627.

In summary, self-help repossession has long been recognized as a valid private remedy and § 9–503 is not a sudden intervention. Under the weight of authority, as well as the trend of recent Supreme Court decisions, this Court is of the opinion that no "state action" within the meaning of § 1983 is involved in a § 9–503 repossession to invoke § 1983 jurisdiction. Accordingly, all aspects of this proceeding should be, and the same are hereby ordered, dismissed for lack of federal jurisdiction. It is further

Ordered that the costs of this proceeding be, and the same are hereby, taxed against the Plaintiffs for which execution may issue.

2. This is the distinguishing feature between the present case and Adickes v. S. H. Kress Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 upon which Plaintiffs rely.

3. This is the distinguishing feature between the present case and the cases of Hall v. Garson, 430 F.2d 430 (5 Cir. 1970), Reitman v. Mulkey, 387 U.S. 369, 87 S.Ct. 1627, 18 L.Ed.2d 830 (1967).